## Oldham *vs* Scrivener.

ERROR TO THE MADISON CIRCUIT.

*Attachments. Execution. Real and personal property.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

OLDHAM sued out an attachment in Chancery, on a bill filed under the statute of 1838, (*Acts of Assembly,* 1837–8, 212,) and had it levied on a tract of land as the property of Scrivener. Also, two other bills had been filed by other creditors, to subject the tract to the satisfaction of their demands, about the same time. Afterwards, and while those proceedings were depending, Oldham obtained a judgment at law for his debt, and sued out execution thereon, and had it levied on the land, and purchased it, and procured the Sheriff's deed for the

OLDHAM
*vs*
SCRIVENER.

same. On the motion of Scrivenor, the Circuit Court quashed the levy, sale and Sheriff's deed, upon the sole ground that the proceeding was unauthorized and illegal, because of the prior levy and pendency of the proceedings in Chancery.

We think the Court erred in this order. Upon the levy of an attachment or execution on personal goods, the officer seizes them and holds them in his custody, and they cannot be levied on, seized or taken into possession by another officer. To allow this to be done, would be to encourage conflicts and controversies between different officers, each contending for the possession of the property. Besides, if seized and sold, after the levy of the attachment, it is liable to be dispersed into different hands, and may tend to embarrass and defeat the ultimate control of the Chancellor over it. But real estate stands upon different ground. The officer has no right, upon the levy, to take possession of land, or to oust the occupant of his possession; nor has he the right to deliver the possession to a purchaser under his sale. Land cannot be removed or squandered away, and is as subject to the control and ultimate action of the Chancellor, in the hands and possession of the purchaser, as in the hands and possession of the debtor. The *legal title* is not changed or divested out of the debtor, by the pendency of the Chancery suits, or the levy of the attachment, but an equitable control only over the subject has been acquired, which will enable the Chancellor to overreach any intermediate transfers of the property, so far as may be necessary to accomplish the objects of the proceeding in his tribunal, and thus far only. The title still remains in the debtor, and may be sold and conveyed by him, and his sale and conveyance is not *void*, but the purchaser acquires the debtor's title, and stands in his place, subject, as it was before subject, in the debtor's hands, to the prior lien, which had attached in favor of the complainants in the Chancery suits. And it was determined by this Court, at the last term, in the case of *Glenn* vs *Coleman*, (3 *Ben. Monroe*, 133,) that the title in the debtor to a house and lot in Louisville, might be sold under execution, subject to the equity which had before at-

*Marginal note:* Upon the levy of an attachment upon goods by one officer, another officer cannot take the possession: but real estate attached may be levied upon and sold under execution, but the officer selling cannot take or deliver the possession to the purchaser, by the attachment; the Chancellor acquires a control which overreaches any subsequent sale, so far as is necessary to satisfy the attachment creditor's debt, but nor further.

tached, by the prior institution and pendency of a Chancery proceeding, to subject the same to the satisfaction of a mechanic's lien; and a sale thus made was sustained by this Court. The only difference between that case and this is, that in this an attachment was sued out and levied in one of the cases, in that the suit was depending without an attachment. This, we conceive, can make no difference in principle. The officer could not seize or take possession of the land, as has been intimated, nor turn the possessor out; nor could the levy of an attachment on land give to the Chancellor more power or control over the subject than he would possess by a pending suit without an attachment.

If the land is liable to be sacrificed, it is also liable to be sacrificed when sold, subject to the liens created by mortgages or deeds of trust, or other incumbrances, fair or unfair, with which the debtor may have embarrassed it, and if sacrificed, it is brought about by the fault of the debtor in failing to pay his debts, and he has no right to escape on that ground from any of the remedies, legal or equitable, which the law has provided to coerce payment. Besides, if sacrificed, he has the right to redeem in twelve months, and if other creditors are injured, his right of redemption may be sold in satisfaction of their demands against him.

Judgment reversed, and cause remanded, that the motion may be dismissed with costs; and the plaintiff in error is entitled to his costs in this Court.

*Owsley & Goodloe* for plaintiff: *Turner* for defendant.