CASE 13—PETITION EQUITY—JUNE 23.

# Weatherford vs. Myers.

APPEAL FROM MUHLENBURG CIRCUIT COURT.

2du 91
90 100
2du 91
97 101
2du 91
101 222

1. Upon the return of "no property" on executions issued by a justice of the peace, the plaintiff brought a suit in equity to subject a tract of land, belonging to the defendant, and to which he held the legal title. *Held*—That the circuit court had no jurisdiction.

2. As the land might have been subjected to the debt by procuring an execution from the circuit court, as provided by *section 474, Civil Code*, the creditor had no right to institute a suit in equity.

CHIEF JUSTICE SAMPSON DELIVERED THE OPINION OF THE COURT:

The appellee recovered two judgments against appellant, before a justice of the peace—one for $6 01, and the other for $48 59; sued out executions thereon, which were placed in the hands of a constable, and returned by him " no property."

Thereupon he instituted this proceeding in equity in the Muhlenburg circuit court, seeking to subject to his said debts a tract of land, the legal title of which was in appellee, and which could have been levied on and sold under an execution from the circuit court. The court adjudged the sale of the land, which was bought by the appellee, the sale confirmed, a deed made, and a writ of possession awarded.

From this judgment this appeal is prosecuted, and the sole question is, whether the circuit court had jurisdiction.

This question must be determined solely by the Code of Practice; for by the 748th section thereof it is enacted that " the Code of Practice in civil actions, as herein amended, shall regulate the procedure in all civil actions and proceed-

ings in the courts of this Commonwealth, and that all laws coming within the purview of its provisions are repealed: *Provided*, That actions and proceedings commenced before this act goes into effect shall not be affected by the provisions of this section."

This section is part of the amending act that took effect on the 1st day of July, 1854, and repeals all "statutes regulating proceedings in civil cases" exempted from repeal by the 5th sub-division of section 2 of the act adopting the Revised Statutes. All proceedings in our courts now must conform to, and be tested by, the Code of Practice. The decision of this court in the case of *Davis vs. Sharon* (15 *B. Monroe*, 69), is not in conflict with this construction, for that action was instituted before the passage of the 748th section of the Code, and had to be tested by the laws in force at the institution of the suit. In that case the court simply decide that statutes subjecting choses in action, &c., on a return of no property found, were exempted from the repealing clause of the act adopting the Revised Statutes, and sustain the jurisdiction on that ground.

The 474th section of the Code provides that, upon a return of "no property found," the plaintiff in the execution may institute an equitable proceeding "for the *discovery* of any money, choses in action, equitable or legal interest, and all other property to which the defendant is entitled, and for subjecting the same to the satisfaction of the judgment," &c.; but in the case under consideration, no discovery is sought, and none necessary, for the petition avers that the legal title to the land was in appellant, and the deed filed by appellee shows that to be the fact. The object of the 474th section, as of all preceding statutes of that kind, was to afford relief in that class of cases in which the ordinary remedies had been resorted to and had failed. It would be unreasonable to permit the creditor, after he had obtained a judgment, to annoy his debtor with a chancery suit, until he had sued out execution upon his judgment, and failed to make his debt in that way.

In the case under consideration, the appellee had a speedy and effectual remedy provided by ordinary proceedings, under the 846th section of the Code of Practice, fully commensurable with the objects and allegations of his petition; and, until he tried and exhausted that remedy, he had no right to resort to a suit in equity. He had only to file with the clerk of the circuit court copies of his judgments, sue out executions thereon, which could have been levied upon the land, and the debt, in that way, collected. This remedy, until exhausted, excluded any appeal to the circuit court for relief, by suit in equity, although it would not preclude an effort, by garnishment, before the justice of the peace, to subject to the debt any means of the debtor over which the justice of the peace had jurisdiction.

We have, therefore, come to the conclusion that the circuit court had no jurisdiction, and that all the proceedings are void and of no effect. On the return of the cause, the petition of the appellee must be dismissed, the sale of the land set aside, and the deed canceled.

The judgment is reversed, and the cause remanded for proceedings in conformity with this opinion.