*Walker, Drane, for appellant.*

*J. C. Beckham, for appellee.*

---

W. W. BRYANT *v.* W. D. BRYANT ET AL.

**Attachment—Priority of Lien.**

Attachments which were levied before a mortgage on the property was executed take precedence over the mortgage, and a sale of the property under the mortgage will not remove the lien or place the mortgagee in any better condition.

**Attachment—Control of Property by Court.**

By a levy of attachment. the court acquires an equitable control over the property so far as is necessary to accomplish the objects of the attachment.

APPEAL FROM HENRY CIRCUIT COURT.

June 17, 1873.

OPINION BY JUDGE PETERS:

The creditors whose attachments were sustained acquired a lien on the debtor's property superior to that of appellant, because their attachments were levied before the mortgage on the same property was executed to him, and the sale of the attached property by the sheriff did not remove their liens or place the mortgagee in any better condition than he was before.

By the levy of the attachments the chancellor acquired an equitable control over the property so far as was necessary to accomplish the objects of the attachments, that must overreach all intermediate

transfers. The debtor could himself have sold the property after the attachments were levied, and such sale and conveyance would not have been void. But the purchaser would have acquired only such title as the debtor had, subject to the liens of the creditors. And the sale by the sheriff could pass no greater interest than the debtor himself had. *Oldham v. Scrivener*, 3 B. Mon. 579.

The judgment of the court below accords with these views, and the same must be *affirmed*.

Judge Pryor did not sit in this case.

*DeHaven, Carroll, for appellant.*

*Webb & Barbour, for appellee.*