O. P. WILSON, ET AL., v. JACOB JONES, ET AL.

**Fraudulent Conveyance—Suit to Set Aside Conveyance—Proof.**
> The court has no jurisdiction 'to decree that a conveyance be set aside because made to defraud creditors, where such creditors have taken judgments before justices of the peace, and fail to file copies of their judgments in the clerk's office of the circuit court of the county where obtained, and have executions issued thereon and returned no property found.

**Description of Land Ordered Sold.**
> A judgment directing the sale of real estate is erroneous when it fails to describe the land to be sold.

APPEAL FROM EDMONSON CIRCUIT COURT.

September 19, 1877.

OPINION BY JUDGE ELLIOTT:

Appellees, Jones, Sell & Denham, brought a suit in equity to set aside a deed made by O. P. Wilson to his wife, James D. Wilson. They charge that Jones and Denham, after obtaining common-law judgments before justices of the peace against O. P. Wilson, had executions issued thereon and returned "no property found," and that Sell had a similar return made on an execution which issued from the quarterly court of Edmonson county. They further charge that O. P. Wilson was the owner of a tract of land in Edmonson county, and that in 1872 he conveyed it to his wife, J. D. Wilson, with the fraudulent intent to avoid the payment of his debts.

Deering charges that he obtained a judgment against O. P. Wilson in the Edmonson Circuit Court and had an execution issued thereon, which was returned "no property found," and attacks the same conveyance from O. P. Wilson to his wife for fraud.

It appears from the record in these suits that the officer to whom executions were delivered on the judgments returned that he made $56.78 on Sell's debt, and $69.98 on Denham's, and that $44 had been paid on Sell's debt at the time of the judgment, none of which credits were allowed the appellants in the judgments appealed from.

But without allowing these credits, the court, by its judgmeent, set aside the deed from appellant, O. P. Wilson, to his wife, and ordered the land sold in satisfaction of the claims of the appellees, after setting apart a homestead therein to appellant, Wilson.

We are of opinion that the court had no jurisdiction to adjudge in favor of Jones, Sell and Wilson that the deed from appellant, O.

P. Wilson, to his wife should be held null and void because, before they could bring an action to avoid the effect on the deed on the grounds set up by them, it was their duty to file copies of their judgments in the clerk's office of the circuit court of the county where obtained, and have execution issued thereon and returned "no property found," which they failed to do.

In *Weatherford v. Myers*, 2 Duv. 91, this court decided that Myers, who brought the suit in the court below to subject Weatherford's land to his debt on a return of "no property found," upon a fi. fa. which issued from a justice of the peace "had only to file with the clerk of the circuit court copies of his judgments, sue out execution thereon, which could have been levied upon the land, and the debt, in that way, collected. This remedy, until exhausted, excluded any appeal to the circuit court for relief, by suit in equity, although it would not preclude an effort, by garnishment, before the justice of the peace, to subject to the debt any means of the debtor over which the justice of the peace had jurisdiction."

We are therefore of opinion that Deering was the only creditor who was properly in court for the purpose of seeking the avoidance of O. P. Wilson's deed to his wife, even conceding the conveyance to have been fraudulent. But according to the evidence in this record the female appellee inherited about a thousand dollars of her father's estate, with which she purchased a tract of land from a Mr. Merrell, who, by her directions, conveyed it to Wilson in trust for the use of herself and daughter, and afterwards that land was sold and another tract purchased, which was swapped for the Strong & Keen tract, and the deed without Mrs. Wilson's knowledge made to her husband, and when she discovered that it had been so made she procured her husband to make the deed of it to her, which she says was done without fraud.

If these facts be true her husband did no more than a court of equity would have done if asked, except that the title would have been vested in a trustee for the use of Mrs. Wilson and daughter, as it was acquired with the proceeds of the Merrell tract which had been conveyed to their use.

This evidence seems to be uncontradicted, and we therefore regard the judgment of the lower court, by which it annulled the conveyance of O. P. Wilson to J. D. Wilson, as erroneous. But as from the proof in this record appellant, O. P. Wilson, is the owner of some lands in his own right, we are of opinion that appellee, Deering,

should be allowed to amend his pleadings and seek satisfaction of his judgment by their sale.

The judgment directing a sale of the land in this case was erroneous, as it failed to give any description thereof. After the final judgment in this case the appellee, Jane D. Wilson, brought a suit for a new trial, and the court adjudged against her, and we think properly, as she set up no legal grounds for a new trial.

For these reasons the judgment setting aside the deed from O. P. Wilson to J. D. Wilson and ordering the land embraced by it to be sold in satisfaction of appellee's claim is *reversed,* as is also the judgment overruling exceptions to the report of the sale thereof and confirming the sale with directions that the court below dismiss the action of Jones, Sell and Denham, and for further proceedings as to Deering consistent with this opinion.

*T. B. McIntire, for appellants.     B. F. Edwards, for appellees.*