GEORGE SMITH *v.* T. J. RATCLIFFE, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—316.]

**Levy and Sale of Property.**

Land encumbered by lien may be levied upon and sold by a creditor subject to such lien, notwithstanding a court of equity has, prior to such levy, acquired control over the property by attachment or otherwise.

47

Jurisdiction of a Court of Equity.

> A court of equity has no jurisdiction to subject land to sale to pay a judgment when the plaintiff in such an action has a complete remedy by execution on his common-law judgment. He cannot resort to equity when he has a complete legal remedy.

### APPEAL FROM NICHOLAS CIRCUIT COURT.

October 9, 1880.

OPINION BY JUDGE HINES:

Appellees, having a personal judgment against appellant and return of "no property," instituted this action in equity to subject a piece of land, the legal title to which was in appellant, and also prayed personal judgment for debt and cost. By amended petition it is charged that there is an action pending by the vendor of the land to enforce his lien for purchase money, and with this action the suit of appellees was consolidated. After the judgment to enforce the lien for purchase money, amended pleadings were filed showing that the lien debt had been satisfied, wherefore another personal judgment was entered for appellees and a decree to sell the land to pay the judgment and costs.

Appellant complains and says, first, that the court had no jurisdiction to decree a sale of the land to satisfy the judgment; second, that the personal judgment is erroneous.

Section 1, Art. 14, Chap. 38, Gen. Stat., authorizes a levy and sale under execution of land encumbered by lien for purchase money; and in *Oldham v. Scrivener,* 3 B. Mon. 579, it is held that such a sale may be had notwithstanding a court of equity had, prior to the levy of the execution, acquired control over the property, by attachment or otherwise. The purchaser at such execution sale acquires a lien subject to the encumbrance for purchase money, with 10 per centum interest.

So it appears that appellees had a complete remedy by execution on their common-law judgment, and that there was no necessity to go into a court of equity to subject the land. The petition does not exhibit a case provided for by Sec. 439, Civil Code. It does not seek a discovery of money, choses in action or equitable interests, and to subject such money, choses in action or equitable interests, when discovered, to the payment of the debts; but from all that appears in the petition the legal title to the land sought to be subjected was known by appellees to be vested in appellant at the time

of the institution of the present action. This section of the code was intended to afford relief when the ordinary remedies had been resorted to and failed. It would be oppressive to allow the execution creditor to resort to equity when his legal remedy is complete. *Weatherford v. Myers,* 2 Duv. 91.

It was error to render a second personal judgment, even if there was equity in the petition sufficient to authorize the property to be subjected to the payment of the first judgment. *Smith v. Belmont &c. Iron Co.,* 11 Bush 390.

Judgment *reversed* and cause remanded with directions to dismiss the petition.

*Ross & Kennedy, for appellant. J. H. Halladay, for appellees.*