EUGENE W. WRIGHT AND OTHERS, PLAINTIFFS IN ERROR, v. MONROE E. SMITH AND ADELBERT CRITTENDEN, DEFENDANTS IN ERROR.

**Attachment**: LIEN. S. and C. commenced an action in the district court against W. and caused an attachment to be issued and levied upon his real estate. Afterwards W. conveyed the land to C., who mortgaged the same to the wife of W. to secure the sum of $520.00. After the recovery of judgment and an order of sale of the attached property, the plaintiffs in that suit filed a petition to remove the cloud upon the land attached caused by the above conveyance and mortgage. *Held*, that the lien of the attachment took effect from the date of the levy, and the instruments, being made *pendente lite*, were not a cloud upon the creditor's title.

ERROR to the district court of Butler county. Tried below before POST, J.

*E. R. Dean*, for plaintiffs in error.

*Clinton, Hart & Brewer*, for defendants in error, cited *Loving v. Pairo*, 10 Iowa, 283. *Bick v. Burdett*, 1 Paige, 305.

MAXWELL, CH. J.

This is an action in the nature of a creditor's bill. The petition alleges in substance that on the 1st day of February, 1877, Smith and Crittenden, the defendants in error, commenced an action against the plaintiff in the district court of Butler county to recover the sum of $1733.31 and costs; that on the 3d day of that month an order of attachment was duly issued in said cause and levied upon the south half of the south-east quarter of sec. 27, township 16, range 1, as the property of said Wright; that on the 3d day of December, 1878, the plaintiffs in said action recovered a judgment against

said Wright for the sum above specified and costs, and obtained an order of sale of the attached property, and that on the 4th day of said month, a special execution was issued for the sale of said real estate, and the same has been duly levied thereon.   The petition then sets forth various conveyances of the premises in question, which it is unnecessary to notice, as it is alleged that afterwards, and on August 30th, 1877, said Sally S. Wright conveyed said premises to this defendant (Wright), and on September 18th, 1878, following, said Eugene W. Wright conveyed the same to one Martin Cady for the expressed consideration of $750.00, and said deed is of record in book 2, page 366, of the deed record of said Butler county, etc.   It is also alleged that on the date of said conveyance, Cady and wife executed a mortgage for the sum of $520.00 upon said real estate to the wife of Eugene W. Wright, and that the same is recorded in the mortgage records of said county, and that said conveyances were fraudulent and void as to the creditors, and were not made in good faith, but for the purpose of cheating and defrauding the plaintiffs (Smith and Crittenden).   That said " conveyance and mortgage are clouds upon the title of the execution defendant, and will remain so upon that of the purchasers at said execution sale, and will tend largely to prevent a fair sale."   " Wherefore the plaintiffs pray that the same may be decreed null and void and of no effect against plaintiffs as well as those of the purchaser at sheriff's sale," etc.

An answer and reply were filed, to which it is unnecessary to refer.   On the trial of the cause, judgment was rendered in favor of the plaintiffs, and subjecting the land to the payment of the debt.   The defendant brings the cause into this court by petition in error.

There is no bill of exceptions in the case, and the

sole question for our determination is, does the petition state a cause of action? In other words, admitting that the deed and mortgage above described are fraudulent and void as to creditors, are they a cloud upon the title of the plaintiffs in the execution?

Section 19 of the code provides that "an action shall be deemed commenced within the meaning of this title, as to the defendant, at the date of the summons which is served upon him," etc.

Section 86 provides that "when summons is served or publication made, the action is pending so as to charge third persons with notice of its pendency, and while so pending, no interest can be acquired by third persons in the subject matter thereof as against the plaintiff's title."

Section 500 provides that "the (sheriff's) deed shall be sufficient evidence of the regularity of such sale, and the proceedings therein until the contrary be proved, and shall vest in the purchaser as good and as perfect an estate in the premises therein mentioned as was vested in the party at or after the time when such lands and tenements became liable to the satisfaction of the judgment," etc.

Now when did the lands in question become liable to the satisfaction of the judgment? Drake, in his work on Attachments, section 221, says: "When questions arise as to the title of property claimed through an attachment, and the judgment and execution following it, the rights so acquired look back for their inception, not to the judgment but to the attachment." *Tyrell v. Rountree*, 7 Peters, 464. *Stephen v. Thayer*, 2 Bay, 272. *Bank v. Morris Land and Banking Co.*, 6 Hill, 362. *Martin v. Dryden*, 1 Gilman, 187. *Redus v. Wofford*, 4 S. & M., 579. *Brown v. Williams*, 1 Me., 403. *Tappan v. Harrison*, 2 Humph, 172. *Oldham v. Scuvener*, 3 B. Mon., 579. *Luckey v. Siebert*, 23

Mo., 85.    *Hannahs v. Felt*, 15 Iowa, 141.    *Cockey v. Milne*, 16 Md., 200.

The deed and mortgage in question having been made while the action was pending, and after the levy of the attachment therein upon the land in controversy, do not in any manner create a cloud upon or affect the title of the plaintiffs in execution to the lands levied upon under the attachment.

The petition therefore fails to state a cause of action, and as it appears that it cannot be amended, the judgment of the district court is reversed and the cause dismissed.

JUDGMENT ACCORDINGLY.