CHARLES A. CORNMAN v. CHARLES K. SIDLE and Others.[1]

June 8, 1896.

Nos. 10,007—(234).

**Obstruction to Execution Sale—What Constitutes.**

After the rendition and docketing of a judgment against a debtor in whose name the title to certain land stood of record, he executed a conveyance of the property, in which he "fraudulently" recited that he merely held the title in trust for the grantee, who had always been the beneficial owner of the premises. *Held*, that this recital · did not constitute an apparent obstruction to the enforcement of the judgment lien, for the removal of which the judgment creditor could maintain an action.

Appeal by· plaintiff from an order of the district court for Hennepin county, Smith, J., sustaining a demurrer to the complaint. Affirmed.

*John H. Long and M. H. Boutelle*, for appellant.

The mere fact that there is an apparent obstruction, calculated to impress doubt and apprehension in the mind of purchasers and thus prevent them from bidding upon the property, is generally sufficient to warrant equity in decreeing its removal. 2 Freeman, Ex. § 424; Beck v. Burdett, 1 Paige, Ch. 305; Myers v. Hewitt, 16 Ohio 449; Cornell v. Radway, 22 Wis. 251; Fowler v. McCartney, 27 Miss. 509; Gallman v. Perrie, 47 Miss. 131; Tuck v. Olds, 29 Fed. 739; Kugath v. Meyers, 62 Minn. 399, 64 N. W. 1138. The docketing of the judgment perfects the lien and takes the place of the actual levy. Thompson v. Dale, 58 Minn. 365, 59 N. W. 1086; Cornell v. Radway, supra.

*Gilfillan, Willard & Willard*, for respondents.

MITCHELL, J. The allegations of the complaint are that on February 25, 1895, the plaintiff obtained and docketed in Hennepin county a judgment against the defendant Sidle, which is still unpaid, and upon which execution had been issued and returned unsatisfied; that at the date of the rendition and docketing of the judgment Sidle owned certain real estate in Hennepin county, the absolute ti-

[1] Reported in 67 N. W. 667.

tle to which stood of record in his name; that thereafter, with intent to hinder, delay, and defraud the plaintiff, he executed to the defendant bank, and placed on record, a conveyance of this land, in which it was fraudulently recited that he had at all times held the title to the premises in trust for the bank; that the bank had paid the consideration therefor, and had at all times been the beneficial owner thereof; that the bank, in accepting the deed, was cognizant of and participated in the fraudulent design of Sidle; that the bank subsequently conveyed to defendant Hunt; that the bank, while it held under the Sidle deed, and Hunt since obtaining the deed from the bank, claimed title to the land free of any lien of plaintiff's judgment. The relief prayed for is that the deed from Sidle to the bank be adjudged fraudulent as against plaintiff, that the lien of his judgment be adjudged prior and paramount to any claim of the bank or Hunt, and that the latter be adjudged to hold the title subject to the lien of plaintiff's judgment. The defendants demurred to the complaint on the ground that it did not state a cause of action. From an order sustaining the demurrer the plaintiff appealed.

Plaintiff does not, and could not, claim that he is entitled to have these deeds set aside; but he contends that this fraudulent recital in the deed from Sidle to the bank, that the bank had always been the beneficial owner of the land, and that Sidle merely held the title in trust for it, amounted to an obstruction calculated to impress doubt and apprehension in the minds of purchasers, and thus prevent them from bidding in the property, and therefore that he was entitled to maintain an action to have the obstruction removed before selling the land on execution, in order that it may realize an adequate price, and thus facilitate and effect the collection of his judgment. There is no doubt of the right of a creditor who has a judgment lien on land to maintain an action to remove an apparent obstruction to the seizure and sale of the property on execution. The most common examples of such obstructions are fraudulent conveyances or incumbrances of the property prior to the docketing of the judgment, by which it is made to appear that the judgment either never became a lien on the land, or, if it did, that it was subordinate to some other lien. An obstruction, in the legal sense of the word, which will entitle a judgment creditor to maintain an action for its removal, does not include everything which the debtor

or some one else may say or do that may deter bidders at the sale. Any such rule would be entirely impracticable. If once adopted, the courts would be out on a limitless sea, without either rudder or compass. If this alleged fraudulent recital of certain facts had not been contained in this deed, it would not be claimed that plaintiff could have maintained an action on the ground that it was an obstruction to his enforcing the lien of his judgment. But this recital is no operative part of the conveyance. We cannot see that there is any difference in principle between inserting such a statement in the body of the deed and publishing it in a newspaper, or making an affidavit of the same purport, or making the statement orally at the time and place of sale. Would it be claimed that any of these acts would entitle plaintiff to maintain an action like the present? They are acts which might have the effect of deterring bidders, but they are not obstructions to the sale, within the meaning of the law, for the removal of which the creditor can maintain an action.

We note the language of Freeman, Exns. § 424, cited and relied on by plaintiff's counsel; but that the author did not use the term "apparent obstructions" in the broad sense contended for is evident from the cases cited in support of the text, none of which support the contention of counsel. We have also examined all the cases cited by counsel, and in every one of them the "obstruction" was of the character we have suggested. The only two cases which have even the semblance of supporting counsel are Fowler v. McCartney, 27 Miss. 509, and Myers v. Hewitt, 16 Ohio, 449; but an examination of the facts will show that neither of them are in point. In view of the statute of Mississippi that the lien of a judgment, as against bona fide purchasers, expired in five years, in Fowler v. McCartney it appeared on the face of the records that the plaintiff's judgment lien had expired as against the defendant, but in fact it had not, for the reason that the conveyance to him from the judgment debtor was not bona fide, but fraudulent, and without consideration; a matter which rested in pais. In Myers v. Hewitt a condition of things analogous in principle had arisen under a statute of Ohio which provided that, where there is a senior judgment and no levy within a year, and a junior judgment and a levy within a year, the junior judgment should hold against the senior judgment. The action will not lie, and the demurrer was properly sustained.

Order affirmed.