NEWMAN GROVE STATE BANK v. NELS F. LINDERHOLM
ET AL.

FILED APRIL 9, 1903.    No. 12,777.

1. Petition: FRAUD: DEMURRER. A petition demanding relief on the
   ground of fraud, is demurrable if it shows that the action was
   not commenced within four years, and fails to show when the
   fraud was discovered.

2. Execution Sale of Real Estate: TITLE OF JUDGMENT DEBTOR: JUDG-
   MENT LIEN: SUBSEQUENT FRAUDULENT TRANSFER: CREDITORS' BILL.
   The thing offered at an execution sale of real estate being the
   title which the judgment debtor had at the time the judgment
   became a lien, a subsequent fraudulent transfer of the property
   furnishes no ground for a creditors' bill.

ERROR to the district court for Madison county: JAMES
F. BOYD, DISTRICT JUDGE. *Affirmed.*

*William Vincent Allen* and *Willis E. Reed,* for plaintiff
in error.

*John S. Robinson, M. B. Foster* and *M. J. Moyer, contra.*

SULLIVAN, C. J.

This is an action by the Newman Grove State Bank
against Nels F. Linderholm, Esther Linderholm and A.
Sophia Linderholm to subject real estate in Madison
county to the payment of two judgments in favor of the
plaintiff and against Nels F. Linderholm and another.
The substantive averments of the petition are as follows:

"The plaintiff, a corporation duly organized and doing
business under the laws of the State of Nebraska under
name and style of Newman Grove State Bank at the sev-
eral times mentioned in this petition, complains of the de-
fendants and alleges:

"1. That the defendant Nels F. Linderholm is the father
of the defendants Esther Linderholm and A. Sophia Lin-
derholm; that each of said defendants is and for many

years past, including the several times mentioned in this petition, has been an adult and transacting business for himself and herself; that December 23, 1896, the plaintiff duly recovered a judgment in this court which said judgment was duly given and rendered by the court against the defendant Nels F. Linderholm and one George Morgan, in a case entitled Newman Grove State Bank against Nels F. Linderholm and George Morgan, being case No. 2334, for the sum of $690.30 to draw interest at the rate of seven *per centum per annum* and costs of suit in the sum of $38.33, which judgment still remains in full force and is wholly unsatisfied.

"2. That October 29, 1897, this plaintiff in a certain other action then and there tried and determined in this court entitled Newman Grove State Bank against George Morgan and Nels F. Linderholm, recovered a judgment against the said George Morgan and defendant Nels F. Linderholm, which said judgment was duly rendered by said court, in the sum of $700 to draw interest at the rate of seven *per centum per annum* and costs of suit taxed at $113.48, which judgment still remains in full force and wholly unsatisfied.

"3. That April 5, 1897, an execution was duly issued against the defendants on said first named judgment and placed in the hands of the sheriff of Madison county, Nebraska, for service and was thereafter duly returned by him *nulla bona;* that an execution was duly issued on said second judgment January 31, 1898, and placed in the hands of the sheriff of Madison county, Nebraska, for service and was thereafter duly returned by him *nulla bona;* that executions were duly issued on each of said judgments respectively in the month of October, 1901, and placed in the hands of the sheriff of Madison county, Nebraska, for service and duly returned by him *nulla bona*.

"4. That there is now due the plaintiff from said defendant Nels F. Linderholm and said George Morgan upon said judgments the sum of $2,025.17 which is wholly unpaid.

"5. That said Nels F. Linderholm is and for many years prior to the filing of this petition and during all of the times mentioned herein was the owner in fact of the north half of the northwest quarter and the southeast quarter of the northwest quarter and the northeast quarter of the southwest quarter of section thirty-five, in township twenty-one north of range four west of the sixth principal meridian in Madison county, Nebraska.

"6. That December 24, 1894, the said defendant Nels F. Linderholm being largely indebted to divers and sundry persons including the plaintiff, intending to wrong, cheat, hinder, delay and defraud his creditors in the collection of their just debts against him, and particularly to wrong, cheat, hinder, delay and defraud the plaintiff without any consideration being paid or given therefor, voluntarily made, executed and delivered unto his daughter, his co-defendant, Esther Linderholm, a mortgage on said above-described land for the sum of $728; that on April 4, 1899, the said defendant Nels F. Linderholm, still intending to cheat, hinder, delay and defraud his said creditors including the plaintiff in the collection of their just debts against him, voluntarily executed and delivered a pretended warranty deed of said above described land to his said daughters, his codefendants Esther Linderholm and A. Sophia Linderholm, which said pretended deed was recorded in the county clerk's office of Madison county, Nebraska, May 20, 1901; that said pretended conveyance was wholly without any consideration whatever and fraudulent and void as against the creditors of the said defendant Nels F. Linderholm, the said defendant Nels F. Linderholm having made such conveyance and his codefendants having received the same with the specific intent and purpose of cheating, hindering, delaying and defrauding creditors of the said defendant Nels F. Linderholm, and particularly cheating, hindering, delaying, and defrauding the plaintiff in the collection of its said judgments.

"7. That the said defendant Nels F. Linderholm is still the owner in fact of the above described land, notwith-

standing said pretended conveyance thereof to his co-defendants and the plaintiff's said judgments are liens thereon; that said pretended conveyance of said land by defendant Nels F. Linderholm to his codefendants Esther Linderholm and A. Sophia Linderholm was a mere device for covering up and hiding the title to the land and beneficial use of said land for the defendant Nels F. Linderholm, and to mislead, cheat, defraud and delay his creditors and, particularly the plaintiff herein from enforcing said judgments against the same; that said real estate is of the fair and reasonable value of $7,000 and after deducting all legitimate liens thereon and incumbrances thereof prior to the judgments of this plaintiff said land is of more than sufficient value to satisfy the plaintiff's said judgments.

"8. That said George Morgan is wholly insolvent and the said defendant Nels F. Linderholm has no property other than the above-described land from which the amounts of said judgments or any part thereof can be made."

The court sustained a general demurrer to this petition and gave judgment on the merits in favor of the defendants. The case comes here by proceeding in error.

We have read with care the very able brief of counsel for plaintiff, but it has failed to convince us that the decision is wrong. The action was instituted November 27, 1901, nearly seven years after the mortgage was executed. The right to maintain an action to clear away the fraudulent incumbrance is, therefore; apparently barred. It may be that the fraud was not discovered immediately and that the right to sue did not accrue at once, but this will not be presumed; the burden was upon the plaintiff to make it appear by proper averment. This is the doctrine of two cases recently decided by this court. *Westervelt v. Filter*, 2 Neb. (Unof.), 732, and *State Bank of Pender v. Frey*, 3 Neb. (Unof.) 83. These cases are believed to be in harmony with the decisions in other jurisdictions, and even if they are not entirely free from logical infirmities it is bet-

ter, considering the matter from the standpoint of utility, to adhere to them, than to unsettle the practice by adopting a different rule.

As to the warranty deed, it is, we think, very evident that it does not operate as an obstruction to the enforcement of the judgments by execution. The purchaser at an execution sale would take the land clear and free of every right and interest vested in the grantees by the conveyance; he would take whatever title Nels F. Linderholm had at the time the judgments were recovered. Code of Civil Procedure, sec. 500; *Wright v. Smith*, 11 Neb. 341; *Hart v. Beardsley*, 67 Neb. 145; *Cornman v. Sidle*, 65 Minn. 84, 67 N. W. 667. A cancelation of the warranty deed would not result in either an actual or apparent change in the character or value of the title to be offered for sale and sold for the satisfaction of the plaintiff's judgments.

The decree is

AFFIRMED.