### BROWN v. JOHN V. FARWELL CO. et al.

(Circuit Court, D. Kansas, Second Division. June 22, 1896.)

#### No. 550.

1. EQUITY PLEADING—FRAUDULENT CONVEYANCE—LIMITATIONS—KANSAS STATUTE.

A Kansas statute (Gen. St. par. 4095) provides that an action for relief on the ground of fraud must be commenced within two years, unless it is made to appear that the fraud had not been discovered until within that period. Complainant filed a bill in equity in the United States circuit court for the district of Kansas to set aside a transfer of property as made to defraud creditors. The allegations of the bill showed that the fraud was committed more than four years before the filing of the bill and that complainant's judgments were recovered more than three years before, while there was no allegation that the fraud was not discovered until within two years. *Held*, that the bill was demurrable.

2. SAME—RETURN OF EXECUTION.

In order to sustain a suit in equity to reach assets of a debtor, the creditor must show that judgment has been obtained at law against such debtor, and execution thereon returned unsatisfied.

3. SAME—REAL ESTATE.

A bill in equity which seeks to set aside transfers of real estate, and apply the same to the debts of the transferror, must definitely describe and identify the real estate sought to be reached.

J. W. Blee and Beekman & Swartz (Stanley & Vermilion, on brief), for complainant.

Rossington, Smith & Dallas, for defendants.

FOSTER, District Judge. This case comes before the court on the demurrer of the defendant to the complainant's bill, which was filed to set aside the transfer of real and personal property made with intent to defraud the creditors of the Matlack Dry-Goods Company. The chief grounds of demurrer are the statutes of limitation, and that the bill does not show that the complainant has exhausted his remedy at law by the issuance of executions upon his judgments.

Gen. St. Kan. par. 4095, provides that an action for relief on the ground of fraud shall be commenced within a period of two years unless it shall be made to appear that the fraud had not been discovered for that period of time prior to the commencement of the suit. The fraud charged in the bill in this case is alleged to have been committed in February, 1891, being more than four years prior to the filing of the bill, and the judgments were recovered by the complainant more than three years prior to the filing of the bill.

There is no allegation in the bill that the fraud was not discovered until within a period of two years preceding the bringing of the suit, so that the demurrer upon that question is well taken.

Upon the other point, as to whether the complainant should have issued execution upon his judgment prior to the asking of relief in equity, the authorities are not altogether uniform; but the great weight of authority is to the effect that he should have issued execution, and had it returned nulla bona, before bringing his bill to reach the assets of the debtor. Jones v. Green, 1 Wall. 330; Morrow Shoe Manuf'g Co. v. New England Shoe Co., 6 C. C. A. 508, 57 Fed. 698; Scott v. Neely, 140 U. S. 106, 11 Sup. Ct. 712; Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 883, 977. The complainant has cited a case which seems to be in conflict, to some extent, with the authorities above cited,—Case v. Beauregard, 101 U. S. 690. The complainant had brought his bill in equity before securing judgment at law, but the defendant had made no objection, the case had been tried on its merits, and the complainant failed, and his bill was dismissed. Subsequently he obtained judgment, and had execution issued, which was returned nulla bona, and then filed a new bill, identical with his former bill, with the additional averments of the obtaining of judgment and the issuing of execution. The defendant pleaded res adjudicata, and the court sustained the plea, and, while recognizing (page 690) the general rule laid down in the authorities, decided that, inasmuch as this case had been tried on its merits under the former bill without objection by the defendant, and the complainant had failed to recover, the matter was res adjudicata, and the complainant could not try the matter again in his second suit. It will be seen that this latter case was an exceptional one, and does not militate against the general rule, which seems to be well established in the federal practice, that the complainant must obtain his judgment at law, and issue execution, and thus show that he has exhausted his legal remedy.

In reference to the attempt to reach real estate in this case, the bill in that respect seems to be deficient. There is no real estate described, or in any way identified or set out in the bill, and hence, while a judgment would be a lien upon real estate, in order to maintain the bill as to that property, there should be a definite description and identification of the real estate sought to be reached by this proceeding.

The demurrer is sustained. The complainant may have 20 days in which to file an amended bill.