COMMERCIAL UNION ASSURANCE COMPANY ET AL. V. MARTHA J. SHOEMAKER.

FILED DECEMBER 4, 1901.   No. 10,482.

Commissioner's opinion, Department No. 2.

1. **Gist of Conspiracy.** In an action for conspiracy, the damage, and not the wrongful confederation, is the gist of the action.

2. **Statement of Cause of Action for Conspiracy.** To state a cause of action for conspiracy, it is necessary for the pleader to allege, not only the confederation and the conspiracy and the doing of the wrongful act, but also the facts from which damages have resulted.

3. **Misjoinder: CONTRACT: TORT.** The joinder of a cause of action in a contract with a cause of action in tort is a misjoinder of causes of action.

ERROR from the district court for Lancaster county. Tried below before HALL, J.   Reversed.

*Sylvester G. Williams, A. B. Coffroth, Edward C. Wright* and *Flower, Peters & Bowersock,* for plaintiffs in error.

*Walter J. Lamb* and *George A. Adams, contra.*

OLDHAM, C.

This is an action brought by Martha J. Shoemaker against the Commercial Union Assurance Company, Limited, of London, the Concordia Loan & Trust Company and Cornelia J. Longaker, but for what purpose is not clearly stated.

The defendant in error, plaintiff below, in her petition, after various recitals of past events, which, in substance, were that in November, 1889, she had given a mortgage to the Lombard Investment Company on certain property in the city of Lincoln for $1,100, due in five years thereafter, and as further security she had also procured a policy of insurance on the property mortgaged for a like period of five years, and had delivered this policy to the Lombard Investment Company, and that afterwards this mortgage had been sold and assigned to the defendant Longaker; that on or about the maturity of this mortgage she applied to the defendant Concordia Loan & Trust Company, through its agent at Lincoln, Nebraska, for an extension of said mortgage for three years, which was granted on certain conditions, not material to this discussion; after setting out the clause of the mortgage that provides that if the mortgagor fails to keep the mortgaged property insured for the benefit of the mortgagee, then the mortgagee has the right to take out a policy of insurance thereon, and charge the premium to the mortgagor,— proceeds as follows: "Defendants agreed to so insure the said property and charge the same to plaintiff according to the terms of said proviso in said mortgage above set out; that plaintiff was thereafter informed by both defendants, the Commercial Union Assurance Company, Limited, and the Concordia Loan & Trust Company, that such insurance had been so taken out, and, relying upon said information, so received, made no further effort to insure the said property, but all the time believing that the same was insured as by them stated, until after the said buildings were completely destroyed, and burned by fire, as hereinafter stated. 9. That at the time of the maturity of the mortgage above mentioned, to-wit; November 11, 1894, and for some time prior thereto, this plaintiff was negotiating with the defendant, the Concordia Loan & Trust Company, for an extension of said loan, and did finally negotiate said extension; that the plaintiff at the time of taking out said insurance in the Orient Insurance

Company, of Hartford, Connecticut, turned over said policy to the Lombard Investment Company as mortgagee, and the said Lombard Investment Company, as plaintiff is informed and believes, turned the same over to the defendant Cornelia J. Longaker at the time it sold and indorsed said note and mortgage to her, or held the same for her benefit thereafter, and the same was so held either by the said Cornelia J. Longaker or the Lombard Investment Company until its expiration and the maturity of said loan, unless the same was turned over to the Concordia Loan & Trust Company by the Lombard Investment Company; that during the negotiation for the extension of said loan the plaintiff offered to renew said insurance in the Orient Insurance Company, but the defendant, the Concordia Loan & Trust Company, objected to the renewal of said insurance in said company, and notified plaintiff and agreed with plaintiff that it would insure said property in the defendant, the Commercial Union Assurance Company, Limited, and notified and agreed with plaintiff that it would take care of said insurance; that it would insure the property and call on the plaintiff for the premium, and that if plaintiff did not or could not pay the said premium promptly, the amount of the same would, under the provisions of said mortgage and the extension thereof, be added to said mortgage and become a loan against said property; that plaintiff thereupon accepted said proffer and agreement of said defendant, the Concordia Loan & Trust Company, to so insure said property, and abandoned her attempt to renew in said Orient Insurance Company, and relied upon said defendant, the Concordia Loan & Trust Company to so insure the said property in the defendant, the Commercial Union Assurance Company, Limited; that soon thereafter this plaintiff received a notice from the defendant, the Concordia Loan & Trust Company, and also from the defendant, the Commercial Union Assurance Company, by and through its agents Crutcher & Welsh, that said property has been insured and calling on the plaintiff to pay the premium,

to-wit: $14.40; that soon thereafter the plaintiff paid said premium as she was requested to do by the defendant the Concordia Loan and Trust Company and the said Concordia Loan and Trust Company and to its agent H. B. Sawyer by its authority and direction; that said payment of said premium was made on the 19th day of January, 1895, and that no notification was ever served upon this plaintiff that said property had not been insured by either of the defendants, in any way whatever, until after the property had been destroyed by fire without the fault, negligence or procurement of this plaintiff, which fire occurred upon the 24th day of April, 1895, and which fire completely destroyed and burned up the said buildings which were at said time of the value of $1,500; that immediately after said fire this plaintiff notified the resident agent of the Concordia Loan & Trust Company of the fire and he thereupon at once promised to look after it and took it upon himself, as agent of the said Concordia Loan & Trust Company, the matter of looking after and adjusting said loss, and the plaintiff also notified Burr & Beeson, agents of the defendant the Commercial Union Assurance Company, at Lincoln, Nebraska, of the said fire, and they immediately went about the adjustment of the same, having estimates of the loss made and looking after the matter for the purpose of adjusting it, and the said defendant the Commercial Union Assurance Company were also notified of said fire and immediately went to the scene of the fire, and investigated it and examined it and went about the preparation of adjusting the loss thereon. 10. That soon after said fire the defendants, the Commercial Union Assurance Company, Limited, and the Concordia Loan & Trust Company, conceived the idea and plan of defeating the plaintiff out of her insurance, and confederated and conspired together to do so and to prevent the collection by her of any insurance from either of them, because of said fire, and thereupon claimed that no insurance had ever been taken out, and denied any liability on the part of either of them for the loss occasioned to this

plaintiff by said fire, and if in fact said property ever had been insured as the said defendants the Commercial Union Assurance Company, Limited and the Concordia Loan & Trust Company, had represented to plaintiff it had been and for which they had received the premium or charged the same to the plaintiff as in accordance with the stipulation in the mortgage above set out, they thereupon destroyed all evidence of said insurance for the purpose of carrying out their scheme of defeating the collection of said insurance by this plaintiff against them or either of them. The plaintiff therefore alleges that the defendant the Concordia Loan & Trust Company is liable to this plaintiff for the sum and amount of said insurance, and if it did not procure said insurance as it had stipulated and agreed to do, and if it did take out said insurance in the defendant, the Commercial Union Assurance Company as plaintiff believes it did, and afterwards confederated with the defendant, the Commercial Union Assurance Company, Limited, to destroy all evidence of said insurance to prevent the payment of said policy to this plaintiff, then the defendants, the Commercial Union Assurance Company, and the Concordia Loan & Trust Company, are liable to this plaintiff for the amount of said insurance, but that the plaintiff is unable to learn which state of facts exist, because of the fact that she can not obtain the evidence thereof from the defendants or either of them. 11. That the defendant the Concordia Loan & Trust Company acting for itself pursuant to its said arrangement and agreement with the defendant, the Commercial Union Assurance Company, Limited, as well as the agent of and for the defendant Cornelia J. Longaker, agreed with the plaintiff to secure insurance on said property for the sum and amount of $1,200, or rather a renewal of the said former insurance, in the said defendant, the Commercial Union Assurance Company, Limited, and, did thereupon elect to take said insurance in said defendant the Commercial Union Assurance Company, Limited, in said sum of $1,200 for a term of three years from the expiration of the said

former insurance, and having so elected did apply to the defendant the Commercial Union Assurance Company, Limited, for said insurance under and pursuant to said arrangement and agreement with it as above alleged, and the defendant the Commercial Union·Assurance Company, Limited, accepted said insurance and notified plaintiff that said insurance had been taken out and said property insured therein, and notified plaintiff that if she did not promptly pay said premium it would be charged against said property under the provisions of said mortgage. And the defendant the Concordia Loan & Trust Company acting for itself and as agent of the defendant, Cornelia J. Longaker, elected to so take out said insurance and charge the same against said property under and pursuant to the term of said mortgage, and so·acting notified plaintiff of said insurance and also that if the premium was not promptly paid by plaintiff it would be so.charged against said property, and plaintiff relied upon said insurance believing that said property was so insured and having no knowledge or information of any kind that it was not insured or that either or any of the defendants in any way claimed that the same was not insured until after the same had been totally and completely destroyed by fire as heretofore alleged. Plaintiff therefore alleges that the defendants did elect to take said insurance as above alleged and charged said property with the payments of the premium for the same under the terms and conditions of said mortgage, but that whether a policy was issued or not this plaintiff has no knowledge, but avers that the defendants are liable for the same regardless of the issuing or refusing or failing to .issue said policy. Plaintiff therefore demands judgment against both of the defendants the Commercial Union Assurance Company, and the Concordia Loan & Trust Company, jointly and severally, or jointly or separately, as the facts may show such liability to exist, for the amount of said insurance policy, to-wit: $1,200, with 7 per cent. interest from the 24th day of April, 1895, costs of suit, reasonable attorney's fee, which plain-

tiff alleges is $300 and all other proper relief; and that the defendant, Cornelia J. Longaker be required to answer to any and all interests she may have in the premises."

To this petition defendants filed separate answers specifically denying the allegations of the petition concerning the agreement to insure and the allegations of conspiracy. A trial was had in the district court of Lancaster county and the jury returned a verdict in favor of Mrs. Shoemaker, and against the insurance company and the loan company jointly, for the sum of $1,339.78, upon which judgment was rendered, from which judgment each of said defendants prosecutes error to this court.

The first question presented is, does the petition state facts sufficient to constitute a cause of action against the said defendants jointly, as the verdict and judgment were rendered? There can be but one theory in this petition upon which the liability of the insurance company and the loan company could be joint, and that is, the conspiracy theory as set forth in paragraph 10 of the petition. This is obvious; for, if the loan company had effected the insurance, it had discharged its alleged obligation. If it had neglected to do this, and there was no insurance obtained, then the insurance company would not be liable in any event.

There is no doubt of the right of a plaintiff to maintain an action against two or more parties for conspiring to do and actually doing some unlawful act to his damage; but the courts, so far as we are aware, are unanimous in holding that confederation and conspiracy are not actionable, unless something in pursuance of the common plan is actually done, and the thing done results in injury to the plaintiff, and the facts constituting this injury, and the damage resulting therefrom, must be alleged. *Kimball v. Harman,* 34 Md., 407; *Stevens v. Rowe,* 59 N. H., 578; *Van Horn v. Van Horn,* 56 N. J. Law, 318; *Booker v. Puyear,* 27 Nebr., 346; *Mapstrick v. Ramge,* 9 Nebr., 390.

There is no allegation in this petition that the plaintiff has sustained any damage by reason of the wrongful acts

of the defendants, nor are there any facts pleaded from which damages may be inferred. The destruction of "all evidence of said insurance" would not extinguish the liability of the insurance company for the loss by fire if the insurance had been actually effected. It can not be consistently contended that by the destruction of the evidence of insurance, that plaintiff thereby lost the insurance on her property for the want of evidence that the contract of insurance had been made, for the reason, that this fact was the basic one to be proved in order to make out the conspiracy. In other words it was incumbent on her to prove, in making out her case of conspiracy, (1) that insurance had been actually effected; (2) that the evidence thereof, by reason of the conspiracy, had been destroyed, and (3) this act had damaged her in some way.

This petition is certainly not a model of good pleading. It undertakes to join causes of action in contract with causes in tort. Its allegations are alternately stated, contradictory, and ambiguous and the observations of the court in *Doan v. Holly,* 25 Mo., 357, are pertinent to this pleading: "It would always be well, if a party before he commences his suit, would determine in his own mind what he is suing for."

But there is another potent reason why this case should be reversed, and that is, there was no evidence whatever offered on the trial of this cause of the conspiracy nor of any acts done by reason of it.

For the reasons above given we conclude that the petition does not state facts sufficient to constitute a cause of action against said defendants jointly, and that the trial court erred in submitting the question of joint liability to the jury. It is therefore recommended that the judgment of the trial court be reversed.

SEDGWICK, C., concurs. POUND, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is

REVERSED.