A. A. OTT *et al.* v. WILLIAM ELMORE *et al.*

No. 13,284. (73 Pac. 898.)

Error from Jackson district court; MARSHALL GEPHART, judge. Opinion filed October 10, 1903. Dismissed.

*Crane, Woodburn & Rokes,* for plaintiffs in error.

*John D. Myers, Angevine & Cubbison, Hayden & Hayden,* and *Beardsley & Gregory,* as *amici curiæ,* for defendants in error.

*Per Curiam:* Elmore & Cooper sued Ott Brothers on a promissory note. Defendants answered, setting out that the note was given for a balance erroneously supposed to be due upon settlement of an account, the fact being that no balance was owing to plaintiffs. Plaintiffs replied with a general denial. Defendants then filed an amended answer, of which the first answer was made a part by reference, the new matter (designated as a third defense) consisting of allegations that plaintiffs were members of an illegal trade combination, and that the note was given under such circumstances that the anti-trust laws of Kansas forbade a recovery upon it. Plaintiffs moved to strike this third defense from the amended answer and the motion was sustained. The defendants then took leave to amend further, and within the time given filed an amendment to the amended answer, adopting by reference the allegations of pages 1 to 5, inclusive, of the amended answer. It does not appear what portion of the amended answer was intended to be covered by this description. The copy of the amended answer set out in the record consists of eight pages, and the end of the fifth page does not appear to mark a natural division point, nor is there anything to suggest a correspondence between the paging of the record and that of the original pleading. Plaintiff filed a reply, which is entitled "Second reply to amended an-

swer." These are all the pleadings shown by the record (a case-made); but there is no statement that it contains all the pleadings. The case being called for trial, defendants withdrew the second defense set out in their original answer. A jury was impaneled and defendants made a statement of their case to the jury. What this statement was is not shown. Plaintiffs then filed a motion for judgment on the pleadings and the statement of counsel for defendants. The court "sustained said motion of plaintiffs for judgment on the pleadings, and found for said plaintiffs and against said defendants on the pleadings."

Upon this record, the defendants as plaintiffs in error ask this court to determine the effect of the various anti-trust statutes of the state upon plaintiffs' rights to recover. Plaintiffs as defendants in error ask that the proceedings be dismissed because the record omits the opening statement of counsel and fails to show affirmatively that it contains all of the pleadings. We shall assume, without deciding, that it sufficiently appears that the judgment was rendered upon the pleadings irrespective of the opening statement, and shall consider only the effect of the failure of the record to state that it includes all of the pleadings. It may well be that where a record shows an orderly course of pleading, as, for instance, a petition, answer, and reply, followed by a motion for a judgment on the pleadings, a reviewing court should presume that the pleadings referred to in the motion and considered by the trial court are those set out in the record, and no other. But such presumption is obviously weakened by any departure from regularity, by any apparent incompleteness or confusion, or by anything that tends to suggest that there may have been pleadings or amendments that are not shown. In the present case, the involved state of the pleadings and the uncertainty as to their condition when finally submitted to the court prevent a presumption that the record includes all of the pleadings and amendments, in the absence of a statement to that effect.

The decision striking matter from the amended answer cannot be reviewed for the reason that the error, if any, was waived by the defendants' taking leave to file, and filing, a further amendment. (*Garanflo v. Cooley*, 33 Kan. 137, 5 Pac. 766.)

The petition in error will be dismissed.