No. 21,293.

ERNEST CORNELSSEN and BERTHA CORNELSSEN, *Appellants,* v. F. H. HARMAN, *Appellee,* et al.

SYLLABUS BY THE COURT.

1. PLEADINGS — *Amended Petition Filed — Waiver of Previous Error.* The asking and obtaining of leave to file an amended petition at the end of a trial waives any error committed by the court in denying an application to amend the original pleading, or any error that may have been committed, in the proceedings prior to the filing of the amended petition.

2. ACTION—*Based on Fraud—Statute of Limitations.* The cause of action set forth in the amended petition herein is held to be based on fraud, and as the suit was not commenced within two years after the cause of action accrued, it is barred by the statute of limitations.

3. PLEADING—*Discovery of Fraud—Necessary Allegations—Statute of Limitations.* Where the pleading on its face shows that the fraud on which the cause of action was based, was consummated more than two years before the commencement of the action, the pleader, to escape the limitation, must allege that the discovery of the fraud was less than two years before the action was begun.

4. PLEADINGS—*Allowance of Amendments—Judicial Discretion.* The allowance of an amendment to an amended petition after a protracted litigation is a matter within the discretion of the court and, there hav-

ing been one trial on the original petition and an entrance upon the second trial under an amended petition, it cannot be held that the court abused its discretion in denying the application to amend plaintiff's amended petition.

Appeal from Jackson district court; OSCAR RAINES, judge. Opinion filed November 9, 1918.    Affirmed.

*Guy L. Hursh,* and *E. R. Sloan,* both of Holton, for the appellants.

*A. E. Crane,* of Topeka, and *E. D. Woodburn,* of Holton, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The plaintiffs, Ernest Cornelssen and Bertha Cornelssen, his wife, who owned a section of land in Ness county, exchanged it for several tracts in Jackson county owned by the defendant, F. H. Harman.    In the exchange it was agreed that the plaintiff's land should be priced at $32.50 per acre, and that of the defendant at $135.00 per acre.    There was a mortgage on defendant's land of $6,000, which the plaintiffs agreed to assume, and to equalize the considerations of the exchange defendant was to give plaintiffs a mortgage of $3,000 on the Ness county land.    A written contract of exchange embracing the above terms was made, in which the land of the defendant, which consisted of several irregular tracts, was described, and there was a recital that the tracts altogether made "about 176 acres, to be determined by survey of the tracts sold to John Ketterman."    Deeds were subsequently executed, and in the one executed by the defendant it was recited that the tracts described amounted to "one hundred seventy six and two-thirds (176⅔) acres, more or less."    More than three years after the exchange was effected, the plaintiffs brought this action, alleging that the defendant had falsely and fraudulently represented to them that there were 176 acres in the tracts of land described in the contract and deed, when in fact there were only 162 acres; that they relied on the representations so made, and were thereby induced to accept the deed and pay $1,890 more than defendant was entitled to receive, and for this amount judgment was asked.

40—Kan.—3099.

Cornelssen v. Harman.

At the first trial of the case, the jury returned a verdict for the plaintiffs which, upon motion of the defendant the court set aside, granting a new trial. With the consent of the court, the plaintiffs then filed an amended petition containing substantially the averments of the original petition, and, among other things, added that the defendant represented to plaintiffs that the number of acres included in the land described in the deed executed by defendant, and intended to be described in the contract, outside of and exclusive of all lands covered by any and all railroad rights of way over and along said described land, was one hundred and seventy-six (176) acres, and that the defendant's representation in this respect was false and known by him to be false. It is then alleged that plaintiffs relied on the representations relating to the number of acres, and believing them to be true, were induced to sign the contract and execute the deed heretofore mentioned, and to pay the defendant $1,890 more than was actually due him. The defendant answered and, among other defenses, alleged that any cause of action the plaintiffs may have had was barred by the statute of limitations, as more than three years had elapsed since the cause of action accrued before the filing of the original petition, and more than four years before the filing of the amended petition. At the commencement of the second trial the court sustained an objection to the introduction of any evidence offered by plaintiffs, on the ground that the amended petition did not state a cause of action, and upon its face it showed that the statute of limitations had run against the claim of the plaintiffs. Application was then made by plaintiffs to amend the amended petition, and this was overruled. In the plaintiffs' appeal, errors are assigned on rulings made at the first trial had under the original petition, in which the court refused to permit the plaintiffs to amend their petition to conform to certain proof. It appears, however, that the plaintiffs did not stand on and appeal from this ruling, but chose to file an amended petition, under which the subsequent proceedings were had. That ruling is not available as error. It has been decided, in *Garanflo v. Cooley*, 33 Kan. 137, 5 Pac. 766, that—

"Where plaintiff in an action asks and obtains leave to file an amended petition, it becomes and must be treated as the original pleading, and he thereby waives any irregularity or error there may have been in the proceedings prior to the filing of the same." (syl. ¶ 1.)

(See, also, *Reihl v. Likowski*, 33 Kan. 515, 6 Pac. 886.)

The cause of action alleged by the plaintiff in the amended petition was manifestly barred by the statute of limitations. It is founded on the misrepresentation and active fraud of the defendant. According to the averments of the pleading, the specific land, and all of the land which the defendant owned, was conveyed to the plaintiffs, but their claim is that the tract did not embrace as many acres as the defendant represented it to contain. They allege in their amended petition that there was an error in the description of the land in the written contract, but they further allege that the real estate which defendant agreed to convey was correctly described in the deed executed by the defendant. Two railroads had been built across the land, and the abstract discloses that a dispute arose between the parties as to whether the rights of way of these railroads should be considered as part of the land conveyed, and in the first trial the court instructed the jury that where an easement only was obtained for a right of way, the title remained in the owner of the fee, and that such owner might use the right of way for any purpose which would not interfere with the use of the land for railroad purposes. It appears, too, that a question arose as to whether the land was situate wholly within certain hedges, fences, and other lines that were pointed out as boundaries by the defendant. However, the whole tract owned by the defendant was conveyed. It is conceded that it was correctly described in the deed of conveyance. Plaintiffs' action is not brought on the written contract or deed. There is no claim of mutual mistake as there was in some of the cases cited by the plaintiffs, but they allege that to induce the plaintiffs to purchase the tract owned by the defendant, he fraudulently represented that it contained a greater acreage than there was in the tract, that it contained 176 acres exclusive of the rights of way of railroads, and that, relying on these fraudulent representations, plaintiffs paid a greater sum than was actually due. It is clear, therefore, that the action is based on fraud, and one which must be brought within two years after the cause of action has accrued. Upon its face the petition shows that the fraud on which the cause is founded was consummated more than three years before the action was brought, and that being so, it devolved on the plaintiffs to al-

lege that they discovered the fraud less than two years before the commencement of the action. (*Young v. Whittenhall,* 15 Kan. 579; *Doyle v. Doyle,* 33 Kan. 721, 7 Pac. 615.) This requirement of the law was not met by the plaintiffs. They did allege that prior to the time when they acquired knowledge of the fact that the land did not contain 176 acres exclusive of the rights of way they had paid the consideration, and that

"before being informed as to the falsity of said representations as aforesaid, made by the defendants concerning the number of acres in said tracts of land, outside and exclusive of railroad rights of way, to be by defendants conveyed to plaintiffs, did accept from said defendants on the 14th day of November, A. D. 1910, their certain warranty deed," etc.

Manifestly this falls short of an averment that the fraud was not discovered by the plaintiffs within two years before the bringing of the action, and therefore the amended petition did not state a cause of action. Even if it should be held that the action was one upon an implied contract to recover an overpayment resulting from the misrepresentation of the defendant, it would still have to be held that the action was barred, since it was not brought within the three-year limitation.

Complaint is made of the ruling refusing to allow the plaintiffs to amend their amended petition by alleging that they did not discover the fraud or learn that there were less than 176 acres in the tract until April, 1913. Whether an amendment should have been allowed at that time was a matter within the sound discretion of the trial court. Already there had been a protracted litigation. One trial had been had on the original petition, and the parties had gone into the second trial upon an amended petition. The omission was an important one, and while courts should always be liberal in the allowance of amendments, we cannot, under the circumstances, hold that the court abused its discretion in denying the application to amend.

Judgment affirmed.