McAuslan and Nutting, Incorporated, *vs.* Futurity
Thread Company & another.

Middlesex.    November 10, 1925. — January 5, 1926.

Present: Rugg, C.J., Braley, Pierce, Wait, & Sanderson, JJ.

*Deceit.    Conspiracy.    Actionable Tort.    Broker*, Commission.

The allegations in the declaration in an action of tort by a real estate
broker against two defendants were in substance that the plaintiff was
employed by the owner of certain real estate to procure a purchaser;
that he interviewed one of the defendants and procured from him an
offer which was acceptable to the owner; that that defendant then
conspired with the second defendant to deprive the plaintiff of his
commission through the second defendant's going to the owner, repre-
senting to him that he came without having seen the plaintiff, offered
the price asked by the owner less a broker's commission, and, without
the owner's knowledge, did this for the benefit of the first defendant;
that a sale then was accomplished to the second defendant for the
benefit of the first defendant; and that the plaintiff was deprived of his
commission.    The defendants demurred to the declaration and the
demurrers were sustained.    *Held*, that

(1) At the time of the alleged wrongful acts of the defendants, the
plaintiff had not earned his commission since the first defendant might
have refused to be a buyer without violating any duty to the plaintiff
or interfering with any contractual rights between the plaintiff and the
owner;

(2) If it should appear that the plaintiff's employment by the owner
continued and that his efforts were the efficient cause of the sale finally
made, he was not deprived of his commission but was entitled to it;

(3) On any theory, the allegations of the declaration did not show that the plaintiff had suffered legal damage;

(4) The demurrer rightly was sustained.

Tort, with a declaration described in the opinion. Writ dated February 11, 1925.

The defendants demurred. The demurrer was heard by *Hammond*, J., and was sustained. On motion by the defendants, judgment was entered for them. The plaintiff appealed.

*W. M. Noble*, for the plaintiff.

*L. Bryant*, for the defendants.

Sanderson, J. The question to be decided is, whether the trial court was right in sustaining a demurrer to the declaration and ordering judgment for the defendants.

Upon the allegations in the declaration, the plaintiff, a corporation engaged in the real estate business, was employed by the owner to procure a purchaser for certain property in Newton. The attention of the defendant Rae was directed to the property by one of the plaintiff's representatives, who proceeded in the usual way to induce him to purchase it, with the result that Rae was willing to pay $15,500, a price acceptable to the owner. Had the sale been made on that basis, the plaintiff would have been entitled to a commission of approximately $500.

It is alleged that, at this point in the negotiations, the defendant Rae conspired with the defendant Futurity Thread Company to deprive the plaintiff of its commission, by an arrangement between themselves that the defendant company should go to the owner of the property, represent to him that it desired to purchase the same, that no brokers were in any way concerned with the proposed purchase, and offer to purchase the property at the price Rae had decided he would be willing to pay, less the amount of the broker's commission. They further agreed that, in the event of securing the property on these terms, a transfer should be taken in the name of the defendant company but for the benefit of the defendant Rae. The Futurity Thread Company then represented to the owner that it desired to purchase the property upon its own account, and that no broker was interested in the transaction, without disclosing the fact that the purchase

was in reality being made for Rae. An offer of the amount which Rae stood ready to pay therefor less the amount of the broker's commission was made, and by this means a conveyance to it for the benefit of Rae was obtained; and, it is alleged, the plaintiff was thereby deprived of his commission.

Neither the owner nor Rae refused to perform any agreement with the plaintiff. At the time of the alleged conspiracy Rae might have refused to be a buyer without violating any duty to the plaintiff or interfering with any contractual rights between the plaintiff and the owner. The broker had not then earned a commission. If it should appear that its employment as a broker continued and that its efforts were the efficient cause of the sale, it has not been deprived of its commission but is entitled to it. *Gleason* v. *Nelson*, 162 Mass. 245. *Cohen* v. *Ames*, 205 Mass. 186. In that event, the alleged acts of the defendants instead of depriving it of its commission have assisted in making it possible for the plaintiff to receive one. The gist of the action is not conspiracy, but the alleged deceit or fraud causing damage. *New England Foundation Co.* v. *Reed*, 209 Mass. 556, 560. On any theory the allegations of the declaration do not show that the plaintiff has suffered damage. Upon the facts in this case it is distinguishable from *Henry W. Savage, Inc.* v. *Wheelock*, 230 Mass. 111, and *Gormley* v. *Dangel*, 214 Mass. 5.

The orders sustaining the demurrer and for judgment were right, and are affirmed.

*So ordered.*