STATE, EX REL. ORA S. SPILLMAN, ATTORNEY GENERAL, APPELLEE, V. BRICTSON MANUFACTURING COMPANY, APPELLANT.

FILED FEBRUARY 12, 1926. No. 24140.

1. **Statutes:** CONSTRUCTION. Courts will, when necessary to effectuate the obvious intention of the legislature, construe conjunctive words as disjunctive.

2. ———: ———. Section 9295, Comp. St. 1922, construed, and held that the first clause of said section, in the following language: "If a corporation is ousted *and* dissolved by the proceedings herein authorized," should be construed as though it read: "If a corporation is ousted *or* dissolved by the proceedings herein authorized."

3. **Corporations.** The provisions of section 9295, Comp. St. 1922, relative to the appointment of trustees, are applicable to both domestic and foreign corporations.

4. ———: OUSTER: APPOINTMENT OF TRUSTEES. The district court, on entering judgment of ouster against a foreign corporation for violation of the laws or fixed policy of this state, is empowered by sections 9295 *et seq.*, Comp. St. 1922, to appoint three trustees for the creditors and stockholders of such ousted corporation, to have the power and duties prescribed by said sections.

5. ———: ———: ———: DISPOSITION OF SURPLUS. In proceedings to administer the property within this state of an

ousted foreign corporation and wind up its affairs within the state, the court is not authorized to order the return or refund to the individual stockholders of the surplus, if any, after paying costs and liabilities within the state against the corporation; but such surplus, if any, should be ordered returned to the proper officers or representatives of such ousted corporation.

APPEAL from the district court for Douglas county: JAMES M. FITZGERALD, JUDGE.

Opinion on motion for rehearing of case reported in 113 Neb. 781. *Affirmed as modified.*

*Weaver & Giller* and *M. E. Culhane,* for appellant.

*O. S. Spillman, Attorney General,* and *T. J. McGuire, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

GOOD, J.

This cause is now before us on motion for rehearing. The opinion heretofore adopted is reported in 113 Neb. 781, reference to which is made for a statement of the issues and facts involved.

We are satisfied with our former opinion in so far as it holds that a foreign corporation may be ousted from the state for violating the laws or fixed policy of the state, and that the evidence is sufficient to support a judgment of ouster for such reasons.

After further argument and consideration of the facts and questions of law involved, we are impelled to take a somewhat different view as to the jurisdiction of the district court to appoint trustees to take charge of the property and assets of the corporation that are properly within this state, and, after paying the costs and debts of the corporation due to citizens of the state, distribute the residue, if any, to those who may be lawfully entitled thereto.

In our opinion we held that sections 9295-9298, Comp.

St. 1922, apply only to those cases in which the court has properly decreed the dissolution of a corporation.   The dissolution of a corporation signifies the termination of its corporate existence in law or in fact.   It ends the capacity of the body corporate to act as such, and necessitates a liquidation and extinguishment of all legal relations subsisting in regard to the corporate enterprise.   Taylor, Corporations, sec. 428.   In writing the former opinion in this case, the court had in mind the general rule that courts of one state or country are generally without power to dissolve a corporation created by another sovereignty.   See 14A C. J. 1334, sec. 4046.   If the statute, when properly construed, requires that a corporation must be ousted *and* dissolved by court proceedings before trustees can be appointed to take charge of and wind up its affairs within the state, it would be only in very exceptional cases that the statute could be applied to foreign corporations.   It is not to be presumed that the legislature of this state intended to grant greater rights to foreign than to domestic corporations and to favor them with rights and privileges greater than those conferred upon domestic corporations.   It cannot be presumed that the legislature intended that corporations, created under the laws of the state, might be dissolved and prevented from transacting business in the state, and that the assets of such corporation within the state might be taken charge of and administered for the benefit of the creditors, and the surplus, if any, distributed to those lawfully entitled thereto, and at the same time permit a foreign corporation, which had been ousted from the state because of a violation of its laws or fixed policy, to withdraw its property from the state and leave creditors of such corporation within the state without remedy for, or means of, enforcing their claims and demands except by going into a foreign jurisdiction.   By a judgment of ouster, a foreign corporation is deprived of its right to transact its ordinary business in the state.   Many foreign corporations have acquired and hold real estate within this state which is used in carrying on their business.   The respondent in

344 NEBRASKA REPORTS. [VOL. 114

State, ex rel. Spillman, v. Brictson Mfg. Co.

this case, as disclosed by the record, owns real estate of considerable value which it acquired for the purpose of carrying on its business within the state. By the judgment of ouster in this case, it is left without authority or right to exercise control or management of its property within the state. It would seem necessary that some instrumentality should be provided to take control of, manage and dispose of the property within the state, and distribute the surplus, if any, to those thereto lawfully entitled.

It is a familiar rule of statutory construction that courts will, when necessary to effectuate the obvious intention of the legislature, construe conjunctive words as disjunctive, and *vice versa*. 36 Cyc. 1123, and cases there cited. We feel impelled to the view that the legislature intended the statute in question to apply to both foreign and domestic corporations, and that section 9295, Comp. St. 1922, should be interpreted as though it read: "If a corporation is ousted *or* dissolved by the proceedings herein authorized, the court shall appoint three disinterested persons as trustees of the creditors and stockholders." If this be the proper interpretation of the statute, then authority is given to the court, on entering judgment of ouster, to appoint three trustees, to have the powers and duties prescribed by succeeding sections of the statute.

The decree of the district court seems to imply that stockholders may present claims for money paid for stock and have the purchase price of their stock refunded to them. In so far as this is attempted to be done, we think it is beyond the jurisdiction of the court. Doubtless, there may be stockholders who have just claims against the corporation, and there may be stockholders who, by fraudulent means, were induced to subscribe for stock of the corporation, and who may be entitled to a rescission of the contract of purchase. If such there be, we have no doubt that, when their claims are adjudicated and it is determined that they have a right to rescind their contract of purchase because of fraud, or for other valid reasons, such claims may be allowed and paid by the trustees. Under

the statute, the trustees are authorized to take charge of all of the property of the ousted corporation that is properly within this state; to collect the debts owing to the corporation; to pay the liabilities thereof that may be due to citizens or residents of this state. After the costs and all just demands against the corporation have been liquidated, the surplus, if any remaining, would properly belong to the corporation and should be, upon order of the court, turned over to its officers or proper representatives.

We are advised by the record that a number of actions were pending against the corporation which had not been reduced to judgment at the time this action was tried in the district court. It would perhaps be improper for us to suggest at this time what notice should be given to creditors and how long a time should be permitted to elapse before the final winding up of the business of the corporation within this state. We have no doubt, however, that sufficient time should be allowed to creditors of the corporation within this state, or to persons having unliquidated claims for damages, to present their claims and have them determined, so that they may be protected, to the extent at least of the property of the corporation within the jurisdiction of the court.

Our former opinion, in so far as it conflicts with the views herein expressed, is withdrawn, but in all other respects it is adhered to. The judgment of the district court is modified so as to require the trustees to collect the debts due the corporation, pay the liabilities of the corporation, and, when properly ordered, pay over the surplus, if any, to those thereto entitled, as provided by section 9298, Comp. St. 1922.

As modified, the judgment of the district court is affirmed.

AFFIRMED AS MODIFIED.

Note—See Corporations, 14A C. J. pp. 1801 n. 90, 1150 n. 98, 1244 n. 56, 1247 n. 63, 1339 n. 69, 1349 n. 82.