### 21184. ARNOLD v. ROGERS.

BROYLES, C. J. 1. If alienation of the affections of a wife is an injury to the person, an action by the injured husband to recover damages therefor is barred by the statute of limitations unless brought within two years from the time the right of action accrued. Civil Code (1910), § 4497. If, however, the injury is one to property or a property right (the loss of the consortium), a suit to recover damages therefor must be brought within four years from the time of the accrual of the right of action. Park's Code (1910), § 4496 (a).

2. Mere ignorance of the existence of the facts constituting a cause of action does not prevent the running of the statute of limitations. To toll the statute it must appear that the defendant was guilty of a fraud by which the plaintiff was debarred or deterred from bringing his action within the statutory period; and where such fraud is not set forth in the

petition, the petition fails to set out a cause of action if it appears therefrom that the action was not brought within the period of limitation. *Davis* v. *Boyett*, 120 *Ga.* 649 (2), 651 (48 S. E. 185, 66 L. R. A. 258, 102 Am. St. R. 118, 1 Ann. Cas. 386), and cit.

3. In the instant case the petition, properly construed (most strongly against the plaintiff), shows that the cause of action, if the plaintiff ever had one, accrued more than four years before the action was brought; and the petition fails to charge that the defendant was guilty of a fraud by which the plaintiff was deterred from bringing his suit within the statutory period.

4. Under the above-stated rulings the petition failed to set out a cause of action, and the court erred in not dismissing it on general demurrer. That error rendered the further proceeding in the case nugatory.

*Judgment reversed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED JUNE 9, 1931. REHEARING DENIED JUNE 19, 1931.

*John F. Echols, C. E. Moore,* for plaintiff in error.
*Poole & Fraser,* contra.