No. 30,854.

THE LABETTE PETROLEUM COMPANY, *Appellant*, v. THE CITIES SERVICE GAS COMPANY, *Appellee*.

(19 P. 2d 470.)

Opinion filed March 11, 1933.

*W. N. Banks, O. L. O'Brien* and *Walter L. McVey*, all of Independence, for the appellant.

*James W. Finley, Hayes McCoy, R. E. Cullison* and *Glenn W. Clark*, all of Bartlesville, Okla., for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action to recover money on a written contract. Judgment was for defendant. Plaintiff appeals.

The facts may be briefly stated. The Dennis Gas Company entered into a contract in 1916 with John M. Landon, the receiver for the Kansas Natural Gas Company. The part of the contract which it is necessary for us to examine is as follows:

"That, whereas, The Dennis Gas Company is a corporation organized for the purpose of buying and selling natural gas, and in such capacity has entered into contracts for the purchase of large quantities of gas in what is known as the 'Dennis Gas Field,' in Labette county, Kansas, and may from time to time enter into other contracts for the purchase of gas, and the said corporation is desirous of finding a market for said gas; and

"Whereas, the said vendee desires to purchase the gas which said vendor has contracted for in the said Dennis gas field, and such gas as the vendor may hereafter purchase or control:

"Second: The vendor agrees to sell to the vendee and deliver into vendee's line, and at the price and upon the terms and conditions herein specified, during the life of this contract, all of the gas which it may purchase or control.

"Fifth: The vendee agrees that he will from and after the completion of the vendor's line and the setting of the said meter or meters, purchase from the vendor *and receive into his said line all the dry, merchantable gas which the vendor can deliver into his said line, but all the gas shall be delivered into his said line against the pressure of the gas therein.* The vendee shall not at any time be required to purchase or receive into his said line any gas under pressure greater than shall be consistent with the safe operation of said line; nor shall said vendee be required at any time to reduce the pressure in his said line in order to receive gas under this contract; but in the event that said vendee shall for any period of time be unable to purchase and receive into his said line the entire quantity of gas which said vendor may be able to furnish or deliver under this contract, then, and during such period of time, *said vendee will purchase and receive from said vendor a quantity of gas which shall for each period of one month average not less than 2,500,000 cubic feet per day, always provided, however, that said vendor is able to deliver said quantity of gas against the pressure in vendee's line."* (Italics ours.)

The Labette Petroleum Company is the successor to the Dennis Gas Company, and the Cities Service Company is the successor to the receiver of the Kansas Natural Gas Company. All parties lived up to the terms of this contract until May, 1931, when defendant gave notice to plaintiff that it would terminate the contract on June 22, 1931. This suit followed. The judgment from which the appeal is taken is an order striking certain matter from the petition. There are two petitions brought here for examination; the original petition and the amended petition. It will be noted that the contract sued on did not have any term designated for its duration. It is the contention of plaintiff that the term of the contract was the duration of the life of the Dennis gas field. Acting under this theory, plaintiff pleaded in the petition certain facts and circumstances leading up to and attending the execution of the contract, the relation and condition of the parties, the purpose of making the contract and other facts and circumstances that plaintiff thought should aid the court in getting at the interest in the contract. These allegations were all stricken from the original petition. Plaintiff assigns this as error. The record discloses that the amended petition was filed and the allegations just referred to were omitted. Plaintiff asks this court to hold that this can be repleaded. This cannot be done. In *Garanflo v. Cooley,* 33 Kan. 137, 5 Pac. 766, this court held:

"Where plaintiff in an action asks and obtains leave to file an amended petition it becomes and must be treated as the original pleading, and he thereby waives any irregularity or error there may have been in the proceedings prior to the filing of the same." (Syl. ¶ 1.)

See, also, *Ott v. Elmore,* 67 Kan. 853, 73 Pac. 898; also, *Cornelssen v. Harman,* 103 Kan. 624, 176 Pac. 141. When plaintiff saw fit to file an amended petition it waived any error that might have been made by this ruling of the court on the original petition.

It will be noted that the contract speaks of "the gas which said vendor has contracted for in the said Dennis gas field, and such gas as the vendor may hereafter purchase or control." The Dennis Gas Company, at the time the contract sued on was executed, was the owner of certain gas leases which it had developed in the vicinity of Dennis, Kan., the gas from which it had connected in its pipe-line system for delivery to defendant. There were also many leases in the field which were not owned by the Dennis Gas Company at that time. Some of these had not yet been drilled. At the time the notice of the Cities Service Company that it intended to terminate the contract was served, the Labette Gas Company did not have under its control a large amount of gas which the field was capable of producing.

The petition is based on the theory that plaintiff can recover damages for the refusal of defendant to take and pay for the gas which plaintiff already has connected in its mains ready for delivery to defendant and also for the refusal of defendant to take gas which defendant did not have connected in its mains, but which it pleaded it had contracted for or was about to contract for. The trial court struck from the amended petition' all reference to any gas that the plaintiff did not have connected with its mains at the time the notice was served.

The theory upon which defendant urged that this allegation be stricken was that the damages claimed were conjectural and speculative and impossible of ascertainment.

The position of plaintiff is that since gas is a commodity which may be exhausted from the ground, and since defendant is the only available market, the proper measure of damages is the contract price of the gas less the expense of connecting the well with the pipe line.

This court considered this question in *Ely v. Gas Co.,* 99 Kan. 236, 161 Pac. 649. There the question was whether a contract by

which a pipe-line company agreed to accept a minimum of 5 million cubic feet of gas from the owners of a number of gas leases and producing wells was a contract whereby the title to the gas passed, or an executory contract passing title to the gas only as delivery was made. The court held that it was an executory contract. In the opinion it was said:

"The plaintiffs contend that by providing a number of wells sufficient to produce the flow (30,000,000 cubic feet) necessary under the contract to entitle them to require the company to take the 5,000,000 feet daily minimum, they had in effect reduced the gas to possession—converted it into personal property ready for delivery, and that the situation was brought within the rule by which, under a contract for the sale of goods not in existence but to be produced by the seller, the title is ordinarily deemed to pass as soon as the contract comes to relate to specific ascertained goods. (*Stewart v. Produce Co.*, 88 Kan. 521, 129 Pac. 181.) The rule referred to is not absolute, being merely a guide to assist in ascertaining the real intention of the parties, which is the controlling element. (Note to case last cited, 50 L. R. A., n. s., 111.) We do not think the bringing in of any number of wells, whatever their production, can be regarded as reducing to possession all the gas within a designated area, or as converting it into personalty, or into specific ascertained property. The quantity cannot be definitely determined, and there is always the possibility of its escaping or being diverted through wells drilled on other land. (See citations collected in *Kansas Natural Gas Co. v. Haskell*, 172 Fed. 545, 563; *Gas Co. v. Neosho County*, 75 Kan. 335, 89 Pac. 750; Thornton, The Law Relating to Oil and Gas, 2d ed., secs. 21, 22.) Decisions are cited in behalf of the plaintiffs to support the proposition that oil and gas become personal property 'when discovered and reduced to possession either in the wells or in pipes or tanks.' None of them, however, extends the principle to gas in place, although an outlet through wells has been provided." (p. 242.)

In *Gas Co. v. Glass Co.*, 56 Kan. 614, 44 Pac. 621, the gas company breached a contract to supply sufficient gas to run the glass plant during a ten months' period, and the court held that prevented profits were too speculative to consider.

To the same effect is *Railway Co. v. Thomas*, 70 Kan. 409, 78 Pac. 861, and *Town Co. v. Leonard*, 46 Kan. 354, 26 Pac. 717.

In this case we have concluded that the damages sought to be recovered on account of the gas that was alleged to be available to plaintiff from leases other than those connected with the pipe lines of defendant are too remote, speculative and uncertain to be the subject of a lawsuit.

Appellee devotes part of its brief to an attack upon the validity of the contract as a whole, but since this contract was sustained by

the court in refusing to strike parts of the petition, and no cross appeal was filed, that point cannot be raised here.

The judgment of the trial court is affirmed.

THIELE, J., not participating.