**BRICTSON v. WOODROUGH et al.**

No. 13398.

Circuit Court of Appeals, Eighth Circuit.

Nov. 6, 1947.

Rehearing Denied Dec. 5, 1947.

E. Luther Melin, of Minneapolis, Minn., for appellant.

Yale C. Holland, of Omaha, Neb. (G. L. DeLacy, Edwin Cassem and Kennedy, Holland, DeLacy & Svoboda, all of Omaha, Neb., on the brief), for appellees Joseph W. Woodrough, James M. Fitzgerald, William B. Rose and George A. Eberly, and others.

John L. Barton, of Omaha, Neb. (Raymond M. Crossman, of Omaha, Neb., on the brief), for appellees Aetna Casualty & Surety Co. and Ralph M. West.

Clinton Brome, of Omaha, Neb. (Charles E. Foster, of Omaha Neb., on the brief), for appellees Charles E. Foster, John T. Marcell, Harry S. Byrne, John A. Wear and pro se.

Francis S. Gaines, of Omaha, Neb. (Edward J. Shoemaker, of Omaha, Neb., on

the brief), for appellee Fidelity & Deposit Co. of Maryland.

William Ritchie, Jr., of Omaha, Neb., for appellees Ralph O. Canaday and pro se.

Wayne O. Stoehr, of Omaha, Neb. (Rosewater, Mecham, Schackelford & Stoehr, of Omaha, Neb., on the brief), for appellee Frank J. Taylor.

Robert J. Webb, of Omaha, Neb., for appellee pro se.

John A. McKenzie, of Omaha, Neb., for appellees pro se and William Whittaker.

Eugene D. O'Sullivan, of Omaha, Neb., for appellee M. O. Cunningham.

Harold M. Kelley, of Omaha, Neb., for appellee Western Surety Co.

William M. Giller, of Omaha, Neb., pro se.

A. C. R. Swenson, of Omaha, Neb., pro se. and others.

Lodowick F. Crofoot, William C. Fraser, Cornelius F. Connolly, Joseph B. Fradenburg and Sam Beber, all of Omaha, Neb., pro se.

Before PHILLIPS, HUXMAN and MURRAH, Circuit Judges for the Tenth Circuit, specially assigned.

PHILLIPS, Circuit Judge.

Brictson brought this action against 35 individual defendants and four corporations, seeking to recover damages for alleged wrongful acts alleged to have been done pursuant to and in furtherance of a conspiracy alleged to have been entered into by the several defendants other than the defendant, Brictson Manufacturing Company.[1] The defendants interposed motions to dismiss the complaint on the grounds that it failed to state any claim upon which relief could be granted, and that it showed on its face that the asserted claims were barred by the statute of limitations.

The trial court sustained motions to dismiss the complaint and entered judgments dismissing the action. Brictson filed a motion for a rehearing and, thereafter, was granted leave to amend his complaint. On rehearing, the trial court held that the proposed amendments added "nothing material to the original complaint," and overruled the motion for a rehearing. The original complaint consists of 67 printed pages. The proposed amendments consist of 96 additional printed pages. The complaint undertakes to describe events and litigation affecting the Brictson Company over the period from 1916 to 1941. From 1919 to 1921, inclusive, many suits were filed against the Brictson Company for commissions on the sale of stock under contracts with the Brictson Company. In 1921, an action was commenced in the United States District Court for the District of Nebraska, Omaha Division, resulting in the appointment of a receiver for the Brictson Company. On appeal, the judgment appointing the receiver was reversed and the cause was remanded with instructions to return the property to the Brictson Company.[2] Before the property had been returned to the Brictson Company, approximately 412 stockholders filed petitions in intervention in the receivership proceeding. Garnishee process was denied the interveners. A mandamus action was filed by the Brictson Company to compel the United States District Court to obey the mandate. During 1922, 45 separate suits were commenced against the Brictson Company in the district court of Douglas County, Nebraska, alleging mismanagement of the Brictson Company. In 1921, Brictson was indicted in a Nebraska court upon the charge of embezzlement which was later dismissed without trial. Again in 1922, Brictson was indicted in the United States District Court for the District of Nebraska on a charge of using the mails to defraud. After the introduction of testimony, the indictment was dismissed. Certain articles appeared in the newspapers relative to the charges in such indictments which were detrimental to Brictson. On March 13, 1923, a quo warranto proceeding was commenced in the district court of Douglas County, Nebraska, to oust the Brictson Company from transacting business in Nebraska and for winding up its affairs, predicated upon charges of fraudulent misconduct of the officers of

---

[1] Hereinafter called Brictson Company.

[2] Brictson Manufacturing Co. v. Close, 8 Cir., 280 F. 297.

the Brictson Company. A judgment adjudging the ouster of the corporation and the appointment of trustees to wind up its affairs was affirmed by the Supreme Court of Nebraska.[3]

In his complaint, plaintiff further alleged that during the year 1921, and prior thereto, eight of the named defendants entered into a conspiracy to destroy the Brictson Company and to ruin the credit and character of Ole A. Brictson; that such conspiracy consisted of a plan to arouse stockholders by letters and circulars setting forth that the Brictson Company was being mismanaged and its assets dissipated, and that the stockholders should organize and institute litigation to secure possession of its assets and the distribution of such assets among its stockholders; and that other defendants joined such conspiracy and did acts in furtherance thereof.

■ The complaint is subject to the construction that it is a derivative action brought by Brictson as a stockholder in behalf of the corporation. It is, also, subject to the construction that it is brought in behalf of Brictson, individually, to recover damages suffered by him. At the oral argument, counsel for Brictson stated unequivocally that the action was brought by Brictson, individually, solely to recover damages in his own behalf. Therefore, the alleged injuries to the corporation pass out of the case and we are only concerned with alleged wrongs to Brictson, individually. Actions to enforce corporate rights or redress injuries to the corporation cannot be maintained by a stockholder in his own name.[4] This is true, even though the injury to the corporation may incidentally result in the depreciation or destruction of the value of the stock.[5]

■ One of the defendants is a United States Circuit Judge who was formerly a United States District Judge for the District of Nebraska. One of the defendants is a judge of the district court of Douglas County, Nebraska. Two of the defendants were former justices of the Supreme Court of Nebraska. One of the latter has retired and one is now deceased. While we are convinced that the complaint and proposed amendments wholly failed to state a cause of action against such defendants, it becomes unnecessary to determine that question. All of the acts charged against such defendants consisted of judicial acts done by them as judges, each acting within the limits of his jurisdiction.

■ Resting on considerations of public policy to the end that the administration of justice may be independent and based on the free and unbiased convictions of the judge, uninfluenced by apprehension of personal consequences, it is a general rule that, where a judge has jurisdiction over the subject matter and the person, he is not liable civilly for acts done in the exercise of his judicial function, even though he acts erroneously, illegally, or irregularly,[6] or even corruptly.[7]

■ The gist of a civil action for conspiracy is the act or acts committed in pursuance thereof, the damage, not the conspiracy or the combination. Unless injury has resulted from something done in furtherance of the conspiracy by one or more of the conspirators, a civil action will not lie.[8] The combination may be of no conse-

[3] State ex rel. Spillman, Attorney General, v. Brictson Mfg. Co., 113 Neb. 781, 205 N.W. 246, 41 A.L.R. 992; Id., 114 Neb. 341, 207 N.W. 664, 44 A.L.R. 1172.

[4] Boatright v. Steinite Radio Corp., 10 Cir., 46 F.2d 385, 388; Green v. Victor Talking Machine Co., 2 Cir., 24 F.2d 378, 380, 59 A.L.R. 1091; 18 C.J.S., Corporations, § 559.

[5] Hodge v. Meyer, 2 Cir., 252 F. 479, 483; Anderson v. Derrick, 220 Cal. 770, 32 P.2d 1078, 1079; Stinnett v. Paramount-Famous Lasky Corporation, Tex. Com.App., 37 S.W.2d 145, 149; Cullum v. General Motors Acceptance Corporation, Tex.Civ.App., 115 S.W.2d 1196, 1200.

[6] Bradley v. Fisher, 13 Wall. 335, 347, 20 L.Ed. 646; Randall v. Brigham, 7 Wall. 523, 535, 539, 19 L.Ed. 285; 30 Am.Jur. § 43, p. 755; Note 13 A.L.R. 1345; Note 55 A.L.R. 283.

[7] Bradley v. Fisher, 13 Wall. 335, 347, 348, 20 L.Ed. 646; Davis v. Burris, 51 Ariz. 220, 75 P.2d 689, 690, 691; Francis v. Branson, 168 Okl. 24, 31 P.2d 870, 874; Pomeranz v. Class, 82 Colo. 173, 257 P. 1086, 1089, 1090.

[8] United States v. Pan-American Petroleum Co., 9 Cir., 55 F.2d 753, 778;

quence except as it bears upon rules of evidence or the persons liable.[9]

Section 25-207 of the Revised Statutes of Nebraska, 1943, as amended, is the applicable statute of limitations. The material portions thereof read: "Actions for trespass, conversion, other torts and frauds. The following actions can only be brought within four years: * * * and (4) an action for relief on the ground of fraud, but the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

This action was commenced in 1945. It affirmatively appears from the complaint that all of the wrongs alleged against Brictson, individually, occurred many years prior to 1941. No facts are alleged showing concealment of the alleged fraud or the nondiscovery of the fraud that would bring the accrual of the action within the four-year period immediately prior to the commencement of the action.

It is settled law in Nebraska that, where the action is commenced more than four years after the alleged fraudulent acts occurred, the burden is on the plaintiff to allege and prove that the fraud was not discovered until within the statutory period before the commencement of the action.[10] We are bound by the law of Nebraska.[11] Moreover, the Nebraska rule is in accord with the adjudicated cases in many jurisdictions.[12]

Where it affirmatively appears that the action accrued more than the statutory period before the commencement of the action and no facts are alleged to avoid the bar of the statute, such as here, the nondiscovery of the fraud, the defense of bar by limitations, may be raised by motion to dismiss.[13]

Under the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, where it affirmatively appears on the face of the complaint that the action is barred by

Nalle v. Oyster, 230 U.S. 165, 182, 33 S. Ct. 1043, 57 L.Ed. 1439; State of Missouri v. Fidelity & Casualty Co., 8 Cir., 107 F.2d 343, 348; Booker v. Puyear, 27 Neb. 346, 43 N.W. 133, 137; Commercial Union Assur. Co. Limited of London v. Shoemaker, 63 Neb. 173, 88 N. W. 156, 158; Shiba v. Chikuda, 214 Cal. 786, 7 P.2d 1011, 1012; Dahlquist v. Mattson, 40 Idaho 378, 233 P. 883, 885; Kovar v. Bremer, 294 Ill.App. 225, 13 N.E.2d 656, 659; Whitcomb v. Reed-Prentice Co., 262 Mass. 348, 159 N.E. 922, 926; McAuslan & Nutting, Inc., v. Futurity Thread Co., 254 Mass. 216, 150 N.E. 96; DeWolfe v. McAllister, 229 Mass. 410, 118 N.E. 885, 887; Seegers v. Marx & Haas Clothing Co., 334 Mo. 632, 66 S.W.2d 526, 528.

[9] Hutson v. Imperial Royalties Co., 135 Kan. 718, 13 P.2d 298, 299; Dahlquist v. Mattson, 40 Idaho 378, 233 P. 883, 885.

[10] State Bank of Pender v. Frey, 3 Neb. Unof. 83, 91 N.W. 239, 241; Bank of Miller v. Moore, 81 Neb. 566, 116 N.W. 167, 168; Newman Grove State Bank v. Linderholm, 68 Neb. 364, 94 N.W. 616, 617; Westervelt v. Filter, 2 Neb.Unof. 731, 89 N.W. 994, 995; Parker v. Kuhn, 21 Neb. 413, 32 N.W. 74, 83, 59 Am. Rep. 838.

[11] Guaranty Trust Co. of New York v. York, 326 U.S. 99, 110, 65 S.Ct. 1464,

89 L.Ed. 2079, 160 A.L.R. 1231; Cities Service Oil Co. v. Dunlap, 308 U.S. 208, 212, 60 S.Ct. 201, 84 L.Ed. 196.

[12] State of Rhode Island v. Commonwealth of Massachusetts, 15 Pet. 233, 272, 273, 10 L.Ed. 721; Castro v. Geil, 110 Cal. 292, 42 P. 804, 805, 52 Am.St. Rep. 84; Anglo California Trust Co. v. Kelley, 117 Cal.App. 692, 4 P.2d 604, 605; McCarty v. McCarty's Adm'r, 258 Ky. 666, 81 S.W.2d 8, 10; Cox v. Simmerman, 243 Ky. 474, 48 S.W.2d 1078, 1079; Martin v. Gassert, 40 Okl. 608, 139 P. 1141, 1143; Combs v. Watson, 32 Ohio St. 228, 235; Cornelssen v. Harman, 103 Kan. 624, 176 P. 141, 142.

[13] Bend v. Marsh, 145 Neb. 780, 18 N. W.2d 106, 110; Pohle v. Nelson, 108 Neb. 220, 187 N.W. 772, 774; Prentiss v. McWhirter, 9 Cir., 63 F.2d 712, 713; Cox v. Simmerman, 243 Ky. 474, 48 S.W.2d 1078, 1079; Arnold v. Rogers, 43 Ga. App. 390, 159 S.E. 136, 137; Berry v. Chrysler Corporation, 6 Cir., 150 F.2d 1002, 1003; Ferrier v. McCabe, 129 Minn. 342, 152 N.W. 734, 735; Garth v. Motter, 248 Mo. 477, 154 S.W. 733, 735; Brown v. John V. Farwell Co., C.C.Kan., 74 F. 764, 765; Le Mieux Bros. Corporation v. Armstrong, 5 Cir., 91 F.2d 445, 446; Mercantile National Bank of City of Hartford v. Carpenter, 101 U.S. 567, 568, 25 L.Ed. 815. See, also, cases cited in note 10.

limitations, and no facts are alleged to avoid the bar of the statute, the defense may be raised by motion to dismiss.[14]

It follows that the action was barred by limitation.

Affirmed.

---

[14] Berry v. Chrysler Corporation, 6 Cir., 150 F.2d 1002, 1003; Continental Collieries v. Shober, 3 Cir., 130 F.2d 631, 635.