Martin C. Seegers, Appellant, v. Marx & Haas Clothing Company, a Corporation, The United Garment Workers of America, Otto Kaemmerer, Menter Frank, Harry Kelley, Nathan Block, Isidore Driben, Max Gold, Clarence Lang, Frank Fitzgerald, Harry Huber, Paul Knudson, Harry Voss.—66 S. W. (2d) 526.

Division One, December 22, 1933.

R. N. Rooks for appellant.

*Barth & Baron* for Marx & Haas Clothing Company.

*John P. Leahy* for United Garment Workers of America and others.

636

FRANK, P. J.—Action to recover damages because of an alleged conspiracy. Each of the defendants demurred to the petition. The demurrers were sustained and plaintiff declining to further plead, judgment went for defendants and plaintiff appealed.

The pertinent allegations of the petition read:

"That on November 22, 1926, the United Garment Workers of America illegally and wrongfully and willfully and maliciously and without cause revoked the charter of Local Union No. 26 of the United Garment Workers of America, of which the plaintiff was a member.

"That the United Garment Workers of America failed to give said Local Union a hearing or a trial in violation of Article 13, Section 19 of the Constitution of the United Garment Workers of America. No local union shall be suspended or expelled from the United Garment Workers of America by the General Executive Board without first having the charges tried and decided by the District Council.

"That after the charter of Local Union No. 26 of the United Garment Workers of America was revoked the members of said Local Union organized a new union known as No. 26 United Clothing Cutters and Trimmers of St. Louis, and thereupon entered into a contract with Marx & Haas Clothing Company whereby said Local Union was to work under the contract in effect between the United Garment Workers of America and the Marx & Haas Clothing Company.

"That said contract continued in effect between Local Union No. 26 known as the United Clothing Cutters and Trimmers of St. Louis, and Marx & Haas Clothing Company from November 26, 1926, to

September 1, 1927. Plaintiff states that he was employed at the Marx & Haas Clothing Company during this period of time or up to April 1, 1927.

"Plaintiff further states that the defendants Marx & Haas Clothing Company and the United Garment Workers of America, and Otto Kaemmerer, Menter Frank, Harry Kelley, Nathan Block, Isidore Driben, Max Gold, Clarence Lang, Frank Fitzgerald, Harry Huber, Paul Knudson, and Harry Voss, all defendants, and each of them acting severally and jointly, willfully, wickedly, and maliciously and through ill-will against plaintiff without any cause conspired with each other, that the plaintiff was to be discharged as an employee of the Marx & Haas Clothing Company; that local Union No. 26 United Clothing Cutters and Trimmers of St. Louis, Missouri, was to be disbanded, that all of their members would apply for membership in the United Garment Workers of America and would be admitted in Local Union No. 229 United Garment Workers of America; except plaintiff was to be denied membership in the United Garment Workers of America. That the Cutters and Trimmers in the employ of Marx & Haas Clothing Company were to be threatened that they would be discharged by the Marx & Haas Clothing Company if they failed to carry out the aforesaid agreement. Plaintiff states said conspiracy was carried out by defendants above mentioned and as a direct result of said conspiracy the plaintiff had been denied the right to work in a union shop; caused all union manufacturers to be prejudiced against plaintiff resulting in plaintiff being discharged as a clothing cutter by Marx & Haas Clothing Company on April 1, 1927, said threats did cause local union No. 26 Cutters and Trimmers of St. Louis to be disbanded on September 6, 1927.

"Plaintiff further states that all the cutters and trimmers of Marx & Haas Clothing Company did apply for membership in the United Garment Workers of America, except the plaintiff, he being informed that it had been and was agreed by and between the defendants that plaintiff could not be admitted as a member of the United Garment Workers of America, so preventing the plaintiff from obtaining any employment as a clothing cutter in a union shop since said discharge.

"Plaintiff states that he has not been permitted to obtain employment in any Union Clothing House or Union Shop, as a clothing cutter and cannot now obtain such employment in any factory or clothing house and has not been employed in any such factory or clothing house since April 1, 1927, because of the unlawful actions of said defendants, as aforesaid, and because the United Garment Workers of America, Marx & Haas Clothing Company, Otto Kaemmerer, Menter Frank, Harry Kelley, Nathan Block, Isidore Driben, Max Gold, Clarence Lang, Frank Fitzgerald, Harry Huber, Paul Knudson,

and Harry Voss, all defendants and each of them acting severally and jointly, willfully, wickedly, and maliciously and through ill will against plaintiff without cause conspired with each other, that the plaintiff was to be discharged as an employee of the Marx & Haas Clothing Company and that he was discharged by the Marx & Haas Clothing Company.

"Said conspiracy and threats did cause the independent local Union No. 26 Cutters and Trimmers of St. Louis to be disbanded, and did cause the cutters and trimmers employed at Marx & Haas Clothing Company to apply for membership and to be admitted in Local Union No. 229 United Garment Workers of America, and did cause plaintiff to be informed that it had been agreed to admit all the former members of the local union No. 26 except plaintiff, that he would not be admitted, resulting in plaintiff being denied the right to work in any union clothing manufacturing company in St. Louis, or any other place.

"Plaintiff states that as a result of said conspiracy he has lost the right to share in the general benefit of the United Garment Workers of America, has lost his property right, the Death Benefits in the United Garment Workers of America, amounting to $400, has lost his earnings since his discharge, April 1, 1927, from Marx & Haas Clothing Company as a garment cutter, said earnings amounting to $2,000 per annum from and after April 1, 1927, and he will continue to lose his earnings permanently in the future by reason of said unlawful revoking of the charter of local union No. 26 United Garment Workers of America without cause or right, and in the said conspiracy between aforesaid defendants, to have plaintiff discharged by Marx & Haas Clothing Company and the disbanding of the independent local union No. 26 United Clothing Cutters and Trimmers of St. Louis, Missouri, and by the refusal to re-admit plaintiff into the United Garment Workers of America."

The prayer of the petition is for $15,000 actual and $15,000 punitive damages.

█ The petition alleges that the United Garment Workers of America revoked the charter of Local Union No. 26 of that organization, of which plaintiff was a member. The pleader does not allege or attempt to allege that the other defendants or either of them had anything whatsoever to do with the revocation of the charter, and no recovery is sought for the revocation of the charter alone. The petition alleges the things which the defendants unlawfully conspired to do, then states that as a result of said conspiracy plaintiff was damaged in the manner thereafter alleged in the petition. Obviously the petition seeks to state a cause of action for an unlawful conspiracy on the part of defendants to injure plaintiff, and as the petition does

not allege that any of the defendants other than the United Garment Workers of America had anything whatsoever to do with the revoking of the charter of the local union of which plaintiff was a member, such revocation was no part of the alleged conspiracy and has no place in the case except as a matter of history or inducement. It follows that the sufficiency of the petition to state a cause of action for an unlawful conspiracy must be determined from its remaining allegations. "A conspiracy is an agreement or understanding between two or more persons to do an unlawful act, or to use unlawful means to do an act which is lawful. . . ." [Dietrich v. Cape Brewing & Ice Company, 315 Mo. 507, 286 S. W. 38; Harelson v. Tyler, 281 Mo. 383, 219 S. W. 908.] However, an agreement to do an unlawful act is not actionable unless some act is done toward the performance of the agreement which results in damage to the party complaining. A mere agreement to do an unlawful act, without more, could not injure any one. It has been said that "the charge of combination and conspiracy cannot of itself constitute a cause of action, however unlawful may be its purposes. It must be coupled with some unlawful or wrongful act to make it available." [Alexander v. Relfe, 9 Mo. App. 133, 143.] In an action in the nature of a conspiracy, the gist of the action is not the conspiracy, but the damage done to plaintiff by the unlawful acts. The only purpose in charging the conspiracy is to make the defendants responsible for the acts done by each other in pursuance of the common design. [Hunt v. Simonds, 19 Mo. 583, 589.] It is, therefore, clear that in order to state a cause of action for an unlawful conspiracy, the petition must not only allege that defendants conspired and agreed to do an unlawful act, but it must also allege that in pursuance of the conspiracy defendants did some unlawful act or acts which resulted in damages to the plaintiff. We will examine plaintiff's petition in the light of the rule stated.

Relative to the conspiracy the petition alleges that "defendants and each of them acting severally and jointly, willfully, wickedly and maliciously and through ill will against plaintiff, without any cause conspired with each other that the plaintiff was to be discharged as an employee of the Marx & Haas Clothing Company; that local union No. 26, United Clothing Cutters and Trimmers of St. Louis, Missouri, was to be disbanded, and that all of their members would apply for membership in the United Garment Workers of America and would be admitted in Local Union No. 229, United Garment Workers of America; except plaintiff was to be denied membership in the United Garment Workers of America. That the Cutters and Trimmers in the employ of Marx & Haas Clothing Company were to be threatened that they would be discharged by the Marx & Haas Clothing Company if they failed to carry out the aforesaid agreement."

640

It is clear that the allegations of the petition sufficiently charge that defendants conspired and agreed to perform unlawful acts, but as an agreement to perform unlawful acts is not actionable unless such acts are, in fact, performed to the damage of the complaining party, we will further examine the petition and determine whether or not it alleges that such acts, or any of them, were performed to the damage of plaintiff.

█ The petition alleges that the conspiracy was carried out by defendants and caused plaintiff to be discharged by the Marx & Haas Clothing Company. It likewise alleges that the conspiracy caused all of the things about which the petition complains, but it does not allege that defendants did any unlawful act looking to the carrying out of the conspiracy. As heretofore stated, the gist of an action in the nature of a conspiracy is not the unlawful agreement but the damage done to plaintiff by unlawful acts committed by the defendants. It is, therefore, indispensable that the petition charge the defendants with the commission of unlawful acts which resulted in damage to plaintiff. It is true the petition alleges that the conspiracy was carried out by defendants, and that the conspiracy caused the things about which the plaintiff complains, but it does not charge defendants with the commission of any unlawful act in furtherance of the conspiracy. The allegation that defendants carried out the conspiracy, and that the conspiracy caused the things about which complaint is made, do not charge defendants with the commission of any unlawful act, but are mere conclusions of the pleader, and for that reason the petition does not state a cause of action.

It follows that the action of the court in sustaining the demurrer to the petition and rendering judgment for defendants should be affirmed. It is so ordered. All concur.